## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF NEW YORK

DONG GUAN JIA SHUAN
INDUSTRIAL CO., LTD.,
*Plaintiff*,

v.

Partnerships and Unincorporated
Associations Identified on Schedule A

*Defendants*.

**Case No.**

**VERIFIED COMPLAINT FOR
PATENT INFRINGEMENT**

## INTRODUCTION

1. Plaintiff Dong Guan Jia Shuan Industrial Co., Ltd. ("Plaintiff") brings this action under the Patent Act, 35 U.S.C. § 1 et seq., asserting claims of direct infringement, induced infringement, contributory infringement, and willful infringement of U.S. Patent No. 11,639,041 B2 ("the '041 Patent").

2. Defendants are foreign entities operating anonymous online storefronts on platforms including Amazon, AliExpress, Alibaba, Walmart Marketplace, Shopify, and similar e-commerce systems.

3. Defendants sell, import, and distribute infringing cushion products into the United States, specifically targeting consumers in the Southern District of New York.

4. Defendants' conduct has caused substantial and irreparable injury to Plaintiff, including loss of market share, price erosion, harm to customer goodwill, and widespread unauthorized use of Plaintiff's patented technology.

5. Plaintiff seeks damages, injunctive relief, a temporary restraining order and preliminary injunction (in a separately filed motion), enhanced damages for willful infringement, attorneys' fees, and all other relief permitted by law.

## PLAINTIFF'S BUSINESS AND TECHNOLOGICAL INNOVATION

6. Plaintiff is a leading designer and manufacturer of advanced airbag cushion systems, anti-gravity balance technologies, and massage-type buffer cushioning products.

7. Plaintiff has invested substantial resources into research, engineering, prototyping, testing, and commercialization of the patented technology described in the '041 Patent.

8. Plaintiff's core business depends upon its ability to protect and enforce the intellectual property rights covering its technological innovations.

9. The patented airbag cushion technology was developed after years of engineering research involving high-frequency sealing techniques, multi-chamber airflow systems, and enhanced anti-gravity support structures.

10. Plaintiff's products incorporating the patented technology are sold globally and are well regarded for safety, durability, and ergonomic performance.

## ONLINE MARKETPLACE OPERATIONS AND FOREIGN SELLER STRUCTURES

11. Online marketplaces such as Amazon and AliExpress allow foreign sellers— primarily based in China—to create storefronts without revealing their true identities.

12. These sellers frequently use false company names, mail-forwarding addresses, virtual phone numbers, and masked payment accounts.

13. Defendants exploit these systems to sell infringing goods directly into the U.S. market without complying with U.S. laws.

14. These platforms fulfill or facilitate shipments into the Southern District of New York, including Manhattan, Bronx, Westchester, and associated locations.

15. Defendants regularly evade enforcement by deleting storefronts, relisting under new names, or transferring funds offshore immediately upon receiving notice of legal action.

16. Immediate injunctive relief is essential to prevent ongoing and irreparable harm.

## PARTIES

17. Plaintiff Dong Guan Jia Shuan Industrial Co., Ltd. is a Chinese corporation with its principal place of business at Room 401, Building 3, No. 112 Shatouhexing Road, Shatou Community, Chang'an Town, Dongguan City, Guangdong Province, China.

18. Defendants are a collection of foreign entities and anonymous individuals identified only by their marketplace storefront names as listed in Schedule A.

## JURISDICTION AND VENUE

19. 19. This is a civil action for patent infringement under 35 U.S.C. § 271.

20. 20. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

21. 21. Venue is proper under 28 U.S.C. § 1391 and § 1400(b) because Defendants transact business in this District and commit acts of infringement here.

22. Defendants purposefully direct commercial activities to New York residents through online stores accessible in this District.

## THE PATENT-IN-SUIT

23. Plaintiff is the owner of all rights, title, and interest in the '041 Patent.

24. The '041 Patent, issued May 2, 2023, discloses an innovative airbag cushion system using multiple interconnected air chambers, buffer convection pathways, high frequency welded layers, and structural anti-gravity balancing.

25. The patented system improves comfort, deformation resistance, load distribution, and impact absorption.

26. The patented design is essential for products used in travel settings, ergonomics applications, seating, and anti-fatigue solutions.

27. A true and correct copy of the '041 Patent is attached as Exhibit A.

28.  Claim 10 of the '041 Patent recites:

"10. An airbag cushion comprising an upper cushion body and a lower cushion body, wherein the upper cushion body comprises an upper cushion surface and a lower cushion surface adhered together by adhesive, the upper cushion surface and the lower cushion surface are made of different materials, and a material of the lower cushion surface is higher in elasticity than a material of the upper cushion surface. Grains are formed on a surface of one side of the lower cushion surface away from the upper cushion surface. The surface of a side of the lower cushion surface is bonded and fixed with the lower cushion body, so that a bonding area and an unbonding area are formed between the lower cushion surface and the lower cushion body. A plurality of air bags are formed in the unbonding area, and a plurality of air channels connecting the plurality of air bags are correspondingly formed in the bonding area."

**DEFENDANTS' INFRINGING CONDUCT**

29. Defendants manufacture, import, use, sell, and offer for sale airbag cushion products that practice each element of at least Claim 1 of the '041 Patent.

30. Defendants' products incorporate fluid-connected air chambers, upper and lower cushion structures, sealed TPU layers, and airflow convection pathways identical or substantially identical to those claimed in the '041 Patent.

31. Defendants' listings explicitly show product diagrams and cross-sectional structures matching the patented design.

32. Plaintiff conducted a detailed technical analysis of Defendants' products, which confirms infringement.

33. Defendants sell and ship these infringing products into the United States, including to residents of this District.

34. Defendants' infringement is willful because they knowingly adopt patented technology and conceal their identities to avoid enforcement.

**COUNT I – PATENT INFRINGEMENT (35 U.S.C. § 271)**

35. Plaintiff incorporates all preceding paragraphs.

36. Defendants directly infringe the '041 Patent under § 271(a).

37. Defendants induce infringement under § 271(b) by advertising, instructing, and directing customers to use infringing products.

38. Defendants contribute to infringement under § 271(c) by supplying components specially made for use in a patented system.

39. Defendants' infringement is willful, deliberate, and in reckless disregard of Plaintiff's rights.

40. Plaintiff has suffered damages as a result of Defendants' actions and will continue to suffer irreparable harm without injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants as follows:

WHEREFORE, Plaintiff respectfully requests judgment in its favor and against Defendants as follows:

a) A temporary, preliminary, and permanent injunction restraining Defendants, their officers, agents, servants, employees, attorneys, and all persons acting in concert with them from:

b) making, using, selling, offering for sale, or importing products embodying Plaintiff's patented design:

c) aiding, abetting, contributing to, or otherwise assisting anyone in making using, selling, offering for sale, and/or importing in the United States for sale or use any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the Patented Designs, and

d) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) and (b);

e) An order directing online marketplaces (including Amazon, eBay, AliExpress, Alibaba, Wish, Walmart.com, Target.com, Dhgate, Temu), payment processors, and search engines to disable Defendants' storefronts and infringing listings;

f) An award of Plaintiff's actual damages and/or a reasonable royalty, plus interest and costs, pursuant to 35 U.S.C. § 284;

g) An award of Defendants' profits from infringement, pursuant to 35 U.S.C. § 289;

h) An award of Plaintiff's reasonable attorneys' fees and costs; and

i) Such other and further relief as the Court deems just and proper.

Dated: November 25, 2025

Respectfully submitted,

/s/ Nitin Kaushik
Nitin Kaushik
1600 Perrineville Rd
Ste 2-400
Monroe Township, NJ 08831
Tel: 908-560-7265
Email:
nitin.kaushik@gmail.com
*Counsel for Plaintiff*