USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/22/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONG GUAN JIA SHUAN INDUSTRIAL CO., LTD.,

Plaintiff,

-against-

PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE A,

Defendants.

1:25-cv-10228-MKV

ORDER DENYING
TEMPORARY RESTRAINING
ORDER AND PRELIMINARY
INJUNCTION

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Dong Guan Jia Shuan Industrial Co., Ltd., a Chinese corporation which allegedly

owns a patent for an airbag cushion system (the "'041 Patent"), brings claims for patent

infringement under 35 U.S.C. § 271 against a slew of merchant Defendants who purportedly sell

a variety of allegedly infringing cushion products. These Defendants operate e-commerce stores

through third party service providers identified in the Complaint, including Amazon, eBay,

Walmart, Temu, and AliExpress, among others (collectively "Service Providers"). Before the

Court is Plaintiff's renewed *ex-parte* motion for a Temporary Restraining Order ("TRO") and

Preliminary Injunction ("PI"), which is filed under seal. For the reasons stated below, Plaintiff's

Motion is DENIED.

## BACKGROUND

On November 25, 2025, Plaintiff filed under seal a Complaint alleging patent infringement

claims against numerous merchant Defendants, which sell a variety of cushion products, and are

identified in Schedule A of the Complaint ("Schedule A").[1]  *See* Compl., Schedule A.  On the

---

[1] On December 1, 2025, Hon. Valerie Caproni, acting in her Part I capacity, granted Plaintiff's motion to file under
seal and ordered that the case be fully sealed with access restricted to the Court and parties unless otherwise ordered.
*See* Order Granting Motion to Seal.

same day, Plaintiff filed an *ex-parte* motion for a TRO ("TRO Mot.") along with supporting materials, all of which was filed under seal. Plaintiff sought a TRO enjoining Defendants from manufacturing, importing, distributing, selling, offering for sale, and profiting from the sale, of the infringing products in the United States. *See* TRO Mot. As part of the requested TRO, Plaintiff further sought an order directing the identified Service Providers on whose platform Defendants allegedly sold the infringing products to (1) cease providing services for Defendants; (2) immediately freeze all funds in Defendants' accounts associated with the infringing activities; (3) not permit any transfer, withdrawal or other disposition of the restrained funds pending further order of this Court; and (4) provide Plaintiff within an accounting of the restrained funds. *See* Proposed Sealed Temporary Restraining Order. Further, as part of the requested TRO, Plaintiff sought expedited discovery requiring the identified Service Providers to provide Plaintiff with certain information concerning Defendants on an expedited basis. *See id.*

After carefully reviewing Plaintiff's submissions, on December 11, 2025, the Court issued an Order granting Plaintiff's *ex-parte* motion for a TRO. *See* TRO Order. However, the Court made clear that the Court "will not grant a preliminary injunction without further evidentiary support, that goes beyond the barebones Complaint, for Plaintiff's contention that Defendants' products infringe Plaintiff's patents and that the other requirements for a preliminary injunction are met." *Id.* at 5.

Thereafter, Plaintiff failed to come forward with any further evidence. In turn, the Court vacated its previously granted TRO and denied Plaintiff's motion for a preliminary injunction. *See* Order Denying Preliminary Injunction and Vacating Temporary Restraining Order ("PI Order"). The Court explained that Plaintiff failed to show a likelihood of success on the merits because it offered no evidence, beyond its conclusory conclusions, that Defendants' products infringe Plaintiff's patent. PI Order at 4-5. Moreover, the Court specifically ordered that "**Plaintiff shall**

2

immediately provide a copy of this Order [vacating the previously entered TRO] to each Service Provider identified in its Complaint and to whom Plaintiff previously provided a copy of this Court's TRO Order. Plaintiff shall file proof of service within three (3) business days of the date of this Order." *Id.* at 6 (emphasis added).

Thereafter, Plaintiff filed a Motion for Reconsideration ("Reconsideration Mot."). In its motion, Plaintiff made clear it did not seek to revisit the Court's PI Order but rather sought leave to supplement the record with a new sworn technical analysis that would offer a claim-by-claim infringement analysis. *See* Reconsideration Mot. The Court denied the motion for reconsideration but granted leave for Plaintiff to file a new motion for a TRO and/or a PI supported by its sworn technical analysis and supporting exhibits. Order Denying Reconsideration.

The Court is in receipt of Plaintiff's renewed *ex-parte* motion for a TRO and PI ("Renewed Mot."), its accompanying memorandum of law ("Mem."), and the sworn infringement analysis in the form of the Declaration of Cai Peilin ("Peilin Decl.") and its accompanying exhibits.[2]

## LEGAL STANDARD

A plaintiff seeking a temporary restraining order and a preliminary injunction must show: (1) "a likelihood of success on the merits"; (2) "that [the plaintiff] is likely to suffer irreparable injury in the absence of an injunction"; (3) that "the balance of hardships tips in the plaintiff's favor"; and (4) "that the public interest would not be disserved by the issuance of [the] injunction." *See, e.g., Res. Grp. Int'l Ltd. v. Chishti*, 91 F.4th 107, 114 (2d Cir. 2024) (quoting *Salinger v. Colting*, 607 F.3d 68, 79–80 (2d Cir. 2010); *see also Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008) ("It is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction."). "[A] preliminary injunction is an extraordinary and

---

[2] Plaintiff also submitted a Proposed Order and an Attorney Affirmation in Support of the Renewed Motion.

drastic remedy, one that should not be granted unless the movant, by a *clear showing*, carries the burden of persuasion." *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007) (*per curiam*) (alteration in original) (emphasis in original) (internal quotation marks omitted); *see also Chengdu Tops Tech. Co. v. Partnerships & Unincorporated Associations Identified in Schedule A*, No. 25-CV-4345 (JMF), 2025 WL 1883818, at *2 (S.D.N.Y. July 8, 2025).

Further, the burden for an injunction is even higher, where a party, like Plaintiff here, seeks a mandatory injunction that "alters the status quo by commanding some positive act as opposed to a prohibitory injunction seeking only to maintain the status quo." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citation omitted). "Because mandatory injunctions disrupt the status quo, a party seeking one must meet a heightened legal standard by showing a clear or substantial likelihood of success on the merits." *N. Am. Soccer League, LLC v. United States Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018) (citation omitted); *see also Doe on Behalf of Roe v. Oceanside Union Free Sch. Dist.*, No. 25-CV-06214(JS)(SIL), 2025 WL 3706756, at *4 (E.D.N.Y. Dec. 22, 2025).

## DISCUSSION

As an initial matter, the Court denies Plaintiff's renewed motion because Plaintiff has failed to file proof of service of the Court's PI Order on the identified Service Providers. *See* PI Order at 6 ("Plaintiff shall immediately provide a copy of this Order to each Service Provider identified in its Complaint and to whom Plaintiff previously provided a copy of this Court's TRO Order. Plaintiff shall file proof of service within three (3) business days of the date of this Order.").   As of this date, Plaintiff has failed to file proof of such service and has thus improperly re-filed the present motion without complying with this Court's prior Order.

With respect to the merits of Plaintiff's motion, the motion for a TRO and PI is denied because Plaintiff again fails to demonstrate a clear or substantial likelihood of success on the

4

merits.[3]  In its renewed motion, Plaintiff claims to have addressed the lack of evidentiary support for its infringement claims and points to the sworn declaration of Cai Peilin, the inventor of the '041 Patent, who purportedly provides "a claim-by-claim technical infringement analysis and visual claim charts mapping each limitation of the asserted patent claims to Defendants' accused products." Mem. at 1-2.

Upon careful review, Plaintiff's renewed submission is wholly conclusory and falls woefully short of showing a clear or substantial likelihood of success on the merits, let alone a likelihood of success on the merits.  In his accompanying declaration, Peilin claims that he has reviewed Defendants' various cushion products and he has determined these products infringe on claims seven and ten of the '041 Patent.  Peilin Decl. ¶¶ 3-5.  He states his "detailed claim-by-claim technical analysis. including structural explanations and infringement mapping for Claims 7 and 10, is set forth in Exhibit B" to his declaration.  *Id.* ¶ 6.  However, Exhibit B is plainly insufficient and fails to reflect an infringement analysis of the numerous cushion products at issue that are purportedly sold by the myriad Defendants in this case.  Despite suing various Defendants that allegedly sell a wide variety of different cushion products, *see* Schedule A, Exhibit B reflects a single infringement analysis of a single unidentified cushion product that is not tied to any specific Defendant.  *See* Peilin Decl, Ex. B.  Exhibit B also includes a series of allegedly representative images, seemingly pulled from the internet, of other examples of Defendants' alleged infringing cushion products.  *See* Peilin Decl, Ex. B. However, Exhibit B does not tie any of these images to any specific named Defendant, let alone reflects an infringement analysis with

---

[3] Plaintiff seeks a mandatory injunction as the requested relief would alter the status quo and bar Defendants from, among other things, "making, using, offering for sale, selling, or importing into the United State" the allegedly infringing cushion products. *See* Proposed Order; *see also Illinois Tool Works Inc. v. J-B Weld Co., LLC,* 419 F. Supp. 3d 382, 389 (D. Conn. 2019), *modified,* No. 3:19-CV-01434 (JAM), 2019 WL 7816510 (D. Conn. Dec. 20, 2019) (finding motion for injunction seeking to bar defendant from continuing to market a product to constitute a motion for a mandatory injunction).

respect to those different cushion products.

Exhibits C and D to the Peilin Declaration similarly fail to provide sufficient evidentiary support as they do not reflect an analysis of how each of Defendants' products infringe on Plaintiff's patent. Exhibit C merely provides a simplified chart purporting to better present the plainly insufficient infringement analysis reflected in Exhibit B. *See* Pelin Decl. ¶ 7; *see also* Peilin Decl., Ex. C. And Exhibit D simply provides the same collage of images of unidentified products that is reflected in Exhibit B, a nearly identical chart reflected in Exhibit C, as well as "patent figures from Plaintiff's extensive patent portfolio." Peilin Decl. ¶ 8; *see also* Peilin Decl, Ex. D. Notably, Peilin avers that "Exhibit D is provided for technical background and visual reference and *is not* relied upon for claim construction." Peilin Decl. ¶ 8 (emphasis added).

At bottom, Plaintiff's renewed motion rests on conclusory assertions and a single infringement analysis of an unidentified cushion product not tied to any specific Defendant. This is plainly insufficient to demonstrate a clear or substantial likelihood, let alone a likelihood, of success on the merits. *See Chengdu Tops*, 2025 WL 1883818, at *2.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion for a TRO and PI is DENIED.

IT IS FURTHER ORDERED that Plaintiff, within one (1) business day of this Order, shall file proof of service of this Court's January 7, 2026 PI Order and this Order on each Service Provider identified in its Complaint and to whom Plaintiff previously provided a copy of this Court's TRO Order. Plaintiff shall also file a letter, **on or before January 29, 2026**, showing cause why it should not be sanctioned for failing to comply with this Court's Orders.

*Plaintiff is on notice that continued failure to comply with court orders and the Federal Rules of Civil Procedure, the Local Rules, and this Court's Individual Rules of Practice in Civil Cases may result in sanctions, including: monetary sanctions on counsel and the parties;*

*preclusion of claims, defenses, evidence, and motion practice; and the case-terminating sanctions of dismissal for failure to prosecute and default judgment.*

SO ORDERED.

Date:   January 22, 2026
        New York, NY

MARY KAY VYSKOCIL
United States District Judge

7