USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/7/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONG GUAN JIA SHUAN INDUSTRIAL CO., LTD.,

Plaintiff,

-against-

PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE A,

Defendants.

1:25-cv-10228-MKV

ORDER DENYING
PRELIMINARY INJUNCTION
AND VACATING
TEMPORARY RESTRAINING
ORDER

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Dong Guan Jia Shuan Industrial Co., Ltd., a Chinese corporation which allegedly owns a patent for an airbag cushion system (the "'041 Patent"), brings claims for patent infringement under 35 U.S.C. § 271 against a slew of merchant Defendants who operate e-commerce stores through third party service providers identified in the Complaint, including Amazon, eBay, Walmart, Temu, and AliExpress, among others (collectively "Service Providers"). For the reasons stated below, the Court declines to issue a preliminary injunction and VACATES its previously entered temporary restraining order ("TRO") in its entirety.

## BACKGROUND

On November 25, 2025, Plaintiff filed under seal a Complaint alleging patent infringement claims against a slew of merchant Defendants identified in Schedule A of the Complaint ("Schedule A").[1] *See* Compl., Schedule A.   In its Complaint, Plaintiff alleges that it is the owner of the '041 Patent which "discloses an innovative airbag cushion system using multiple interconnected air chambers, buffer convection pathways, high frequency welded layers, and

---

[1] On December 1, 2025, Hon. Valerie Caproni, acting in her Part I capacity, granted Plaintiff's motion to file under seal and ordered that the case be fully sealed with access restricted to the Court and parties unless otherwise ordered. *See* Order Granting Motion to Seal.

structural anti-gravity balancing."  Compl. ¶¶ 23-24; *see also id.* ¶ 27 (noting a "true and correct copy of the '041 Patent is attached as Exhibit A").  Plaintiff alleges that the various Defendants listed in Schedule A manufacture, import, use, sell, and offer for sale airbag cushion products that infringe on the '041 Patent.  *Id.* at ¶ 29.  Plaintiff alleges that it had "conducted a detailed technical analysis of Defendants' products," which are listed as hyperlinks in Schedule A, and confirmed infringement.  *Id.* at ¶ 32.

On the same day, Plaintiff filed an *ex-parte* motion ("Mot.") for a TRO with an accompanying memorandum of law ("Mem.") in support, which were both filed under seal.  In the motion, Plaintiff sought a TRO against Defendants enjoining the manufacture, importation, distribution, distribution, sale, offer for sale, and profiting from the sale of the infringing products in the United States.  *See* Mot.  As part of the requested TRO, Plaintiff further sought an order directing the identified Service Providers, on whose platform Defendants allegedly sold the infringing products, to (1) cease providing services for Defendants; (2) immediately freeze all funds in defendants accounts associated with the infringing activities; (3) not to permit any transfer, withdrawal or other disposition of the restrained funds pending further order of this Court; and (4) that the service providers provide Plaintiff within an accounting of the restrained funds.  *See* Proposed Sealed Temporary Restraining Order.  Further, as part of the requested TRO, Plaintiff sought expedited discovery requiring the identified Service Providers to provide Plaintiff with certain information concerning Defendants on an expedited basis.  *See* Mot.; Mem. at 17.  Lastly, Plaintiff separately moved for an order authorizing alternative service of Process on Defendants pursuant to Federal Rule of Civil Procedure 4(f)(3).  *See* Mot. to Serve Electronically.

After carefully reviewing Plaintiff's submissions, on December 11, 2025 the Court issued an Order granting Plaintiff's *ex-parte* motion for a TRO.  *See* TRO Order.  The Court ordered that the TRO would remain in effect for 28 days and explained that good cause existed under Rule

2

65(b)(2), in light of the intervening holidays, to so extend the duration of the TRO. *Id.* at 5 & n.1. Further, the Court ordered that its Order granting the TRO shall immediately be provided to those Service Providers identified by Plaintiff. *Id.* at 4. The Court further ordered that service of the Court's Order on Defendants shall be made within three business day of the Service Providers' compliance with the portion of the Court's Order requiring that they, among other things, freeze all funds in Defendants' accounts associated with its infringing activities. *Id.* at -5. The Court, however, denied Plaintiff's request for alternative service of process on Defendants and authorized Plaintiff to serve the Court's Order by electronic service and overnight delivery on Defendants. *Id.*

In granting Plaintiff's motion for a TRO, the Court specifically warned Plaintiff that the Court "will not grant a preliminary injunction without further evidentiary support, that goes beyond the barebones Complaint, for Plaintiff's contention that Defendants' products infringe Plaintiff's patents and that the other requirements for a preliminary injunction are met." *Id.* at 5.

The Court further ordered Defendants to show cause as to why a preliminary injunction should not issue and to file opposing papers, if any, by January 2, 2026. *Id.* at 6. The Court further ordered Plaintiff to file any Reply papers on or before noon on January 6, 2026. *Id.* Neither party has filed additional briefing, and Plaintiff has not offered any further evidence to support its request for a preliminary injunction.

## LEGAL STANDARD

A plaintiff seeking a preliminary injunction must show: (1) "a likelihood of success on the merits"; (2) "that [the plaintiff] is likely to suffer irreparable injury in the absence of an injunction"; (3) that "the balance of hardships tips in the plaintiff's favor"; and (4) "that the public interest would not be disserved by the issuance of [the] injunction." *See, e.g.*, *Res. Grp. Int'l Ltd. v. Chishti*, 91 F.4th 107, 114 (2d Cir. 2024) (quoting *Salinger v. Colting*, 607 F.3d 68, 79–80 (2d Cir. 2010).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a *clear showing*, carries the burden of persuasion." *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007) (*per curiam*) (alteration in original) (emphasis in original) (internal quotation marks omitted).

## DISCUSSION

While the Court granted the Plaintiff's motion for a TRO based on the undisputed allegations contained in the Complaint, Plaintiff has failed to come forward with any evidence that Defendants' products infringe Plaintiff's Patent and thus has not established that it is likely to succeed on the merits.

In its Complaint, Plaintiff briefly discusses its '041 Patent and alleges in cursory and conclusory terms that Defendants' products "incorporate fluid-connected air chambers, upper and lower cushion structures, sealed TPU layers, and airflow convection pathways identical or substantially identical to those claimed in the '041 Patent." Compl. at ¶ 30. Plaintiff attests that it "had conducted a detailed technical analysis of Defendants' products" to confirm infringement. Compl. ¶¶ 32. However, beyond these barebones assertions, the Complaint "includes no infringement analysis whatsoever" and Plaintiff has failed to provide the detailed technical analysis that it supposedly conducted to confirm Defendants' products infringe its patent. *Chengdu Tops Tech. Co. v. Partnerships & Unincorporated Associations Identified in Schedule A*, No. 25-CV-4345 (JMF), 2025 WL 1883818, at *2 & n.1 (S.D.N.Y. July 8, 2025) (finding plaintiff failed to demonstrate likelihood of success on the merits where the complaint included no infringement analysis and plaintiff never provided the supposed "declaration from its technical expert" who supposedly analyzed the accused products and confirmed infringement).[2]  Indeed,

---

[2] The Court notes that the lawyer representing Plaintiff in this case is the same lawyer who represented the plaintiff in *Chengdu Tops*.  *See generally id.*

here, precisely like in *Chengdu Tops*, Plaintiff only attached two exhibits to its Complaint—a copy of '041 Patent attached as Ex. A to Complaint, and Schedule A, which is merely a spreadsheet listing hyperlinks to nearly 70 allegedly infringing products and the corresponding Defendant selling such product. *See Chengdu Tops*, 2025 WL 1883818, at *2 ("Chengdu Tops attaches two exhibits to the Complaint—a copy of the '222 Patent and an unintelligible list of hyperlinks to hundreds of online products—but provides no explanation of what these attachments show, no comparison between the '222 Patent and the accused products, and no indication of how the hyperlinked products infringe its patent."). Just as in *Chengdu Tops*, Plaintiff fails to compare the '041 Patent with any of the Defendants' allegedly infringing products and provides no evidence of how the hyperlinked products identified in Schedule A infringe Plaintiff's Patent. *See id.* Plaintiff's "motion papers fare no better," *see id.*, as Plaintiff merely reiterates the conclusory assertions from its Complaint by asserting that "[a]s shown in the Complaint and accompanying exhibits, Defendants make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that directly infringe the patented designs." Mem. at 11.

Because Plaintiff has provided no affidavit or sworn declaration that Defendants' products infringe its patent and has offered no infringement analysis whatsoever, Plaintiff cannot show a likelihood of success on the merits. In short, Plaintiff has failed to come forward with sufficient evidence beyond its conclusory assertions to justify an extension of the previously granted TRO. Accordingly, the Court declines to issue a preliminary injunction and vacates its prior Order granting Plaintiff's Motion for a TRO in its entirety.

## CONCLUSION

On the record before it, the Court cannot find that Plaintiff has shown it is likely to succeed on the merits. As such, the Court declines to issue a preliminary injunction to extend the TRO.

ACCORIDNGLY, IT IS HEREBY ORDERED that the Court's prior Order granting a

TRO issued on December 11, 2025 is VACATED in its entirety.

IT IS FURTHER ORDERED that Plaintiff shall immediately provide a copy of this Order to each Service Provider identified in its Complaint and to whom Plaintiff previously provided a copy of this Court's TRO Order.   Plaintiff shall file proof of service within three (3) business days of the date of this Order.

IT IS FURTHER ORDERED that the hearing scheduled for January 8, 2026 is cancelled.

**SO ORDERED.**

**Date:  January 7, 2026**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**

6