## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

DONG GUAN JIA SHUAN INDUSTRIAL CO., LTD.,

    Plaintiff,

    v.

HANGZHOU XIAPAI E-COMMERCE CO., LTD.; GUANGZHOU YUANQI POWER TECHNOLOGY CO.; AIRJOURNEY; AIRJOURNEY 2 STORE; AIRJOURNEY STORE; USLIKEDIY; CURINQU; SLYDSM; SHANOA; GYXWAN; ZEYIMM; JMPUGON GYING; LINYIQIANJIAYI BANCAICHANG; SUNNY DAY SHOP; ANABIUP; GUO ZHEN ART STORE; TURNEXTTE; HUXZ-US; YILIN-SHIJQ; LINJIUYI; QXLZSYYX GS; TRENDINGS4U; GTS TECH STORE; GAOWITH17; XIAONAS ENTREPRENEURSHIP; GYH STORE; TOSUOD CYCLING HIVE; JOE'S GADGET STORE; YUCEN-US; HENGYUNZHINENG; XINWAN SUPPLY CHAIN; CALIFORNIA FBM STORE; SHOP1104910413 STORE; GGMMAS STYLISH STORE; SMART CHOICE STORE; GREEN TEA STORE; SHOP1103857702 STORE; SAM CYCLING SPORTS STORE; WEST BIKING GOBIKE STORE; WINDCHASER CYCLING STORE; CAR MOTO PART FACTORY STORE; AND JUUCUU,

    Defendants.

**Case No.: 25-cv-10228-MKV**

**FIRST AMENDED COMPLAINT**[1]

### INTRODUCTION

1.　　Plaintiff Dong Guan Jia Shuan Industrial Co., Ltd. ("Plaintiff") makes and sells

air pads which it markets and sells on the Internet and through online sellers such as Amazon.

---

[1] Plaintiff files this First Amended Complaint in response to the Court's Notice of July 22, 2026 requiring that "[e]ach party involved in the case must be listed on the Amended Complaint caption title." This First Amended Complaint includes a conforming caption and related factual allegations.

1

Plaintiff's air cushions are used for various applications, including wheelchair cushions. In 2023, the United States Patent and Trademark Office issued U.S. Patent No. 11,639,041 B2 ("the '041 Patent"), which covers a method of making Plaintiff's cushions as well as the products themselves.

2. Defendant Hangzhou Xiapai E-Commerce Co., Ltd. ("Fresh Style") makes and sells products which infringe the '041 Patent on Amazon and other e-commerce websites. Defendant Guangzhou Yuanqi Power Technology Co., Ltd. ("Yuanqi") is Fresh Style's source for the infringing products.

3. That Fresh Style, Yuanqi, and the other Defendants are infringing the '041 Patent is damaging enough, but there is even more to this case than meets the eye. When Plaintiff enters a foreign market, it marshals considerable resources to ensure its activities are done in accordance with applicable laws and regulations. Unlike Plaintiff which is registered with the United States Food and Drug Administration, Fresh Style and Yuanqi do not have the same commitments, something that affords those Defendants the opportunity to erode Plaintiff's pricing position through further unfair competition. In this case, Plaintiff is trying to bring Defendants' infringing and Fresh Style and Yuanqi's infringing and otherwise unfair and deceptive practices to an end.

**PARTIES**

4. Plaintiff is a Chinese corporation with its principal place of business at Room 401, Building 3, No. 112 Shatouhexing Road, Shatou Community, Chang'an Town, Dongguan City, Guangdong Province, China.

5. Fresh Style is a Chinese limited liability company with a principal place of business in Room 801-4, Building 1, Taikoo Plaza Beigan Subdistrict, Xiaoshan District

2

Hangzhou City, Zhejiang Province, China.

6.      Yuanqi is a Chinese limited liability company with a principal place of business at 02, No. 18 Cigu Ling Road, Huadong Town, Huadu District, Guangzhou China. Upon information and belief, Yuanqi operates the following marketplace store fronts through which the accused products are offered and sold: Defendant Airjourney on Temu and Ali Express under the name "Airjourney," *see* Schedule A, Nos. 43-47, 57;  Defendant Airjourney 2 Store, an AliExpress marketplace storefront operating under AliExpress Store ID 1105050439, *see* Schedule A, No. 65; and Defendant Airjourney Store, an AliExpress marketplace storefront operating under AliExpress Store ID 1104837108, *see* Schedule A, No. 60.

7.      Defendant UsLikeDiy is an Amazon.com storefront operating under Amazon Merchant ID A39GBYSLVB2OFT and, on information and belief, is owned and operated by Guangzhou Faxin Trading Co., Ltd., a business entity located at No. 72 Shengchang Street, Huangjiang Town, Shunjing Building, Dongguan City, Guangdong Province, China. The accused products offered and sold through this storefront are identified by ASINs B0FJ1R6YKF and B0FJ1RLNWW. *See* Schedule A, Nos. 1, 20, 22.

8.      Defendant Curinqu is an Amazon.com storefront operating under Amazon Merchant ID A1PRSW6WV08AU5 and, on information and belief, is owned and operated by Shenzhenshi Haoqiheng Dengshi Youxian Gongsi, a business entity located at No. 42, Shangling Pai Lao Village, Shenzhen, China. The accused product offered and sold through this storefront is identified by ASIN B0F1D84KR3. *See* Schedule A, No. 2.

9.      Defendant SLYDSM is an Amazon.com storefront operating under Amazon Merchant ID AFH39N045WSZE and, on information and belief, is owned and operated by ShiLouXianYueDongShangMaoYouXianGongSi, a business entity located at No. 183 Jiexi

Lane, Lingquan Town, Shilou County, Lvliang City, Shanxi Province, China. The accused product offered and sold through this storefront is identified by ASIN B0FKRJ6KKW. *See* Schedule A, No. 3.

10.     Defendant Shanoa is an Amazon.com storefront operating under Amazon Merchant ID A4ZKSMCD5D7BQ and, on information and belief, is owned and operated by Chengdu Yugong Huiyin Shangmao Youxian Gongsi, a business entity located at Room 701, Unit 3, Building 5, Yijing Garden, Yinhua Road, Xiangzhou District, Zhuhai City, Guangdong Province, China. The accused product offered and sold through this storefront is identified by ASIN B0F23KJMQH. *See* Schedule A, No. 4.

11.     Defendant GYXWAN is an Amazon.com storefront operating under Amazon Merchant ID A33DOA6JKMZ67H and, on information and belief, is owned and operated by Taiyuan Jinyi Trade Studio (sole proprietorship), a business entity located at No. 704, 7th Floor, Zhongchuang Building, No. 3 North Binhe West Road, Huifeng Street, Jiancaoping, Taiyuan, Shanxi Province, China. The accused products offered and sold through this storefront are identified by ASINs B0DT43CNB5 and B0DT441XG3. *See* Schedule A, Nos. 5, 8.

12.     Defendant ZeYimm is an Amazon.com storefront operating under Amazon Merchant ID A142HPBXCCT9DU and, on information and belief, is owned and operated by Shenzhen Shi ZeYi Maoyi Youxian Gongsi, a business entity located at Room 502, 5th Floor, No. 111-3 (and No. 111-4) Huangjinshan, Bantian Community, Bantian Street, Longgang District, Shenzhen, Guangdong Province, China. The accused products offered and sold through this storefront are identified by ASINs B0FB9CVXDW, B0FB99DPBP, and B0FB9D7K86. *See* Schedule A, Nos. 6, 10, 11.

4

13.    Defendant JMPUGON GYING is an Amazon.com storefront operating under Amazon Merchant ID A35TTE628N1FV0 and, on information and belief, is owned and operated by Jiangmen Shi Pugongying Zhineng Dianqi Youxian Gongsi, a business entity located at Building 7, No. 10 Huangzhuang Avenue West, 2-230, Jiangmen City, Guangdong Province, China. The accused products offered and sold through this storefront are identified by ASINs B0F9PX9YTH, B0FS1P4NQG, and B0FS21JK45. *See* Schedule A, Nos. 7, 24, 25, 26.

14.    Defendant linyiqianjiayi bancaichang is an Amazon.com storefront operating under Amazon Merchant ID A3NKRG06H5B4M0 and, on information and belief, is owned and operated by an entity of the same name, located at No. 237, Xiaozhifang Village, Yitang Town, Lanshan District, Linyi City, Shandong Province, China. The accused product offered and sold through this storefront is identified by ASIN B0FM7X641Z. *See* Schedule A, No. 9.

15.    Defendant Sunny Day Shop is an Amazon.com storefront operating under Amazon Merchant ID A6BVPTY97ALP9 and, on information and belief, is owned and operated by Chenzhou Xuanhan Shangmao Youxian Zeren Gongsi, a business entity located at No. 106, Building 8, Building D, Wanhua City Commercial Plaza, Wanhua Road, Yongquan Street, Beihu District, Chenzhou City, Hunan Province, China. The accused product offered and sold through this storefront is identified by ASIN B0FKB7VKFD. *See* Schedule A, No. 12.

16.    Defendant ANABIUP is an Amazon.com storefront operating under Amazon Merchant ID AEH75NAT95FDU and, on information and belief, is owned and operated by Yongkang Shi Yihe Maoyi Youxian Gongsi, a business entity located at No. 22 Huancun West Road, Xiaxichi Village, Gushan Town, Yongkang City, Jinhua City, Zhejiang Province, China. The accused product offered and sold through this storefront is identified by ASIN B0FJC6XY5B. *See* Schedule A, No. 15.

17. Defendant Guo Zhen Art Store is an Amazon.com storefront operating under Amazon Merchant ID A3CBWRXG9CUL48 and, on information and belief, is owned and operated by GuoZhen, a business entity located at No. 236 Lihong Street, Licheng Street, Xianyou County, Putian City, Fujian Province, China. The accused product offered and sold through this storefront is identified by ASIN B0FKT42XKT. *See* Schedule A, No. 17.

18. Defendant Turnextte is an Amazon.com storefront operating under Amazon Merchant ID A137X0736U2QZJ. On information and belief, Turnextte is owned and operated by Defendant Hangzhou Xiapai E-Commerce Co., Ltd. The accused product offered and sold through this storefront is identified by ASIN B0F8BCBTTR. *See* Schedule A, No. 19.

19. Defendant HUXZ-US is an Amazon.com storefront operating under Amazon Merchant ID A3QUZ351HMVZC3 and, on information and belief, is owned and operated by Hubei Hezhen E-commerce Co., a business entity located at Room 602, Building 2, Price Bureau Dormitory, No. 277 Xianghan Road, Xiushui Community, Junshui Town, Xianning City, Tongcheng County, Hubei Province, China. The accused product offered and sold through this storefront is identified by ASIN B0FK4WF487. *See* Schedule A, No. 29.

20. Defendant yilin-shijq is an Amazon.com storefront operating under Amazon Merchant ID A3DY8YJXV0M5B9 and, on information and belief, is owned and operated by Shaoyang Yilin Jianzhu Laowu Youxian Gongsi, a business entity located at South Side of Liuling Park, Phase I Resettlement Housing, Building 17, 0110001, Zhongxin Road Street, Daxiang District, Shaoyang City, Hunan Province, China. The accused product offered and sold through this storefront is identified by ASIN B0FP4LGS1R. *See* Schedule A, No. 30.

21. Defendant LINJIUYI is an Amazon.com storefront operating under Amazon Merchant ID A6GR5U5HACXON and, on information and belief, is owned and operated by

6

Ganzhou Jiuyi Keji Youxian Gongsi, a business entity located at 1st Floor, No. 14 #2 (and No. 14 #3), E Zone, Railway Station Tongzhan Avenue, Dongshan Street Office, Nankang District, Ganzhou City, Jiangxi Province, China. The accused products offered and sold through this storefront are identified by ASINs B0FH9YJX21 and B0FH9VRF11. *See* Schedule A, Nos. 31, 32.

22.     Defendant QXLZSYYX GS is an Amazon.com storefront operating under Amazon Merchant ID A1UQS05VD60RRR and, on information and belief, is owned and operated by Jiangsu Qixing Lianzhu Shiye Youxian Gongsi, a business entity located at Room 167, Zone E, Building 10, Yaxi International Slow City Town, Gaochun District, Nanjing City, Jiangsu Province, China. The accused product offered and sold through this storefront is identified by ASIN B0BZ7X7JZ2. *See* Schedule A, No. 33.

23.     Defendant trendings4u is an eBay storefront operating under seller name "trendings4u." On information and belief, Defendant is located in the People's Republic of China. The accused inflatable seat-cushion products offered and sold through this storefront are identified in Schedule A. *See* Schedule A, Nos. 35, 36, 37.

24.     Defendant GTS Tech Store is an eBay storefront operating under seller name "gemstarrhyme." On information and belief, Defendant is located in the People's Republic of China. The accused inflatable seat-cushion product offered and sold through this storefront is identified in Schedule A. *See* Schedule A, No. 39.

25.     Defendant gaowith17 is an eBay storefront operating under seller name "gaowith17." On information and belief, Defendant is located in the People's Republic of China. The accused product offered and sold through this storefront is identified in Schedule A (eBay Item No. 356794500191). *See* Schedule A, No. 40.

26.     Defendant Xiaonas Entrepreneurship is a Temu marketplace storefront operating under the name "Xiaonas Entrepreneurship." On information and belief, Defendant is located in the People's Republic of China. The accused product offered and sold through this storefront is identified in Schedule A. *See* Schedule A, No. 41.

27.     Defendant GYH Store is a Temu marketplace storefront operating under the name "GYH Store." On information and belief, Defendant is located in the People's Republic of China. The accused product offered and sold through this storefront is identified in Schedule A. *See* Schedule A, No. 42.

28.     Defendant TOSUOD Cycling Hive is a Temu marketplace storefront operating under the name "TOSUOD Cycling Hive." On information and belief, Defendant is located in the People's Republic of China. The accused product offered and sold through this storefront is identified in Schedule A. *See* Schedule A, No. 48.

29.     Defendant Joe's gadget store is a Walmart.com marketplace storefront operating under Walmart Seller ID 101630955 and, on information and belief, is owned and operated by Hangzhou Xiguan Keji Youxian Gongsi, a business entity located at Tian Mu Shan Xi Road, Yuhang District, Hangzhou, Zhejiang 311100, China. The accused product offered and sold through this storefront is identified in Schedule A. *See* Schedule A, No. 49.

30.     Defendant Yucen-US is a Walmart.com marketplace storefront operating under Walmart Seller ID 102782670 and, on information and belief, is owned and operated by Nanyang Yusheng Shangmao Youxian Zeren Gongsi, a business entity located at Henan Province, Nanyang City, Wolong District, Qiyi Street, Hongmiao Road, Jiahechuntian 3 Building, Unit 2, Room 102, Nanyang City, Henan 473000, China. The accused product offered and sold through this storefront is identified in Schedule A. *See* Schedule A, No. 50.

31.     Defendant hengyunzhineng is a Walmart.com marketplace storefront operating under Walmart Seller ID 102487739 and, on information and belief, is owned and operated by Shanxi Hengyun Zhineng Keji Youxian Gongsi, a business entity located at Shanxi Province, Taiyuan City, Wanbailin District, Shangzhuang Street, No. 55 Zancheng Xiaoqu, Building 7, Unit 2, Room 3301, Taiyuan, Shanxi 030000, China. The accused product offered and sold through this storefront is identified in Schedule A. *See* Schedule A, No. 51.

32.     Defendant Xinwan Supply Chain is a Walmart.com marketplace storefront operating under Walmart Seller ID 102845687 and, on information and belief, is owned and operated by Jiaozuo Shi Xinwan Gongyi Ning Lian Youxian Gongsi, a business entity located at Boai Xian Hongchang Jiedao Banshichu Tuanjie Lu Yuqun Ying Lu Jiaochakou Xiangdong 30 Mi Lu Bei, Jiaozuo, Henan 454450, China. The accused product offered and sold through this storefront is identified in Schedule A. *See* Schedule A, No. 52.

33.     Defendant California FBM Store is an AliExpress marketplace storefront operating under AliExpress Store ID 1104909417 and, on information and belief, is owned and operated by Foshan Xingqionglian Trading Co., Ltd., a business entity located at Room 2172, Floor 2, No. 69 Boai Middle Road, Shishan Town, Foshan City, Guangdong Province 440605, China. The accused product offered and sold through this storefront is identified in Schedule A. *See* Schedule A, No. 58.

34.     Defendant Shop1104910413 Store is an AliExpress marketplace storefront operating under AliExpress Store ID 1104910413 and, on information and belief, is owned and operated by Foshan Xingqionglian Trading Co., Ltd., a business entity located at Room 2172, Floor 2, No. 69 Boai Middle Road, Shishan Town, Foshan City, Guangdong Province 440605,

China. The accused product offered and sold through this storefront is identified in Schedule A. *See* Schedule A, No. 59.

35.    Defendant GGMMAS Stylish Store is an AliExpress marketplace storefront operating under AliExpress Store ID 912179824 and, on information and belief, is owned and operated by Shanghai Heng Yi Trading Co., Ltd., a business entity located at Floor 6, Building 1, 288 Ningfu Road, Nanqiao Town, Fengxian District, Shanghai 201400, China. The accused product offered and sold through this storefront is identified in Schedule A. *See* Schedule A, No. 61.

36.    Defendant Smart Choice Store is an AliExpress marketplace storefront operating under AliExpress Store ID 1103080406 and, on information and belief, is owned and operated by Shanghai Youbai Network Technology Co., Ltd., a business entity located at Floor 1, 4869 Xinfeng Highway, Fengxian District, Shanghai 201400, China. The accused products offered and sold through this storefront are identified in Schedule A. *See* Schedule A, Nos. 62, 63.

37.    Defendant Green Tea Store is an AliExpress marketplace storefront operating under AliExpress Store ID 912249127 and, on information and belief, is owned and operated by Taiyuan Steyer Information Technology Co., Ltd., a business entity located at 14th Floor, 15th Floor (No. 5134, Shanxi Hechuang Space Enterprise Incubation Park Co., Ltd.), Haitang International Building, No. 68 Jinyang Street, Xiaodian District, Taiyuan City, Shanxi Province 030032, China. The accused product offered and sold through this storefront is identified in Schedule A. *See* Schedule A, No. 64.

38.    Defendant Shop1103857702 Store is an AliExpress marketplace storefront operating under AliExpress Store ID 1103857702 and, on information and belief, is owned and operated by High-tech Industrial Development Zone Shuo Production Materials Distribution

Office, a business entity located at Room A07-299, Room 102, 1st Floor, Jilin Zhongwei Industrial Park Management Co., Ltd., No. 3 Torch Road, Changchun High-tech Industrial Development Zone, Changchun City, Jilin Province, China. The accused product offered and sold through this storefront is identified in Schedule A. *See* Schedule A, No. 66.

39.    Defendant Sam Cycling Sports Store is an AliExpress marketplace storefront operating under AliExpress Store ID 1103743131 and, on information and belief, is owned and operated by Kunming Xiangruling Department Store (sole proprietorship), a business entity located at China (Yunnan) Pilot Free Trade Zone Kunming District, Guandu Sub-District Office, Yunxiu Community, Amber Junyuan Phase I, Shop A4-34165, Guandu District, Kunming City, Yunnan Province 530111, China. The accused product offered and sold through this storefront is identified in Schedule A. *See* Schedule A, No. 67.

40.    Defendant WEST BIKING Gobike Store is an AliExpress marketplace storefront operating under AliExpress Store ID 1102473023 and, on information and belief, is owned and operated by Yiwu Lutuo Network Technology Co., Ltd., a business entity located at Room 1302, 13th Floor, Building 4, 2301 Fulong Mountain South Road, Choujiang Street, Yiwu City, Jinhua City, Zhejiang Province 322000, China. The accused product offered and sold through this storefront is identified in Schedule A. *See* Schedule A, No. 68.

41.    Defendant Windchaser Cycling Store is an AliExpress marketplace storefront operating under AliExpress Store ID 1102185343 and, on information and belief, is owned and operated by Wuhan Jie San Network Technology Co., Ltd., a business entity located at No. 3F16-469, Floor 3, Building C2, First Avenue, Hanzheng Street, Qiaokou District, Wuhan City, Hubei Province 430000, China. The accused product offered and sold through this storefront is identified in Schedule A. *See* Schedule A, No. 69.

11

42.     Defendant Car Moto Part Factory Store is an AliExpress marketplace storefront operating under AliExpress Store ID 1102672151 and, on information and belief, is owned and operated by Shenzhen Youche Information Consulting Co., Ltd., a business entity located at 809, Unit 5, Building 2, Zhongxin Longsheng Plaza, 219 Shenshan Road (Longgang Section), Longxin, Longgang District, Shenzhen City, Guangdong Province, China. The accused product offered and sold through this storefront is identified in Schedule A. *See* Schedule A, No. 70.

43.     Defendant juucuu is an Amazon.com storefront operating under Amazon Merchant ID A2YYWGSX2DNEJ0 and, on information and belief, is owned and operated by Henan Jingchou Maoyi Youxian Gongsi, a business entity located at No. 22, Group 3, Banpoyang Village, Liangwa Town, Lushan County, Pingdingshan City, Henan Province, China. The accused product offered and sold through this storefront is identified by ASIN B0FR4MS3GS. *See* Schedule A, No. 21.

## JURISDICTION AND VENUE

44.     This is a civil action for patent infringement under 35 U.S.C. § 271.

45.     This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

46.     Venue is proper under 28 U.S.C. § 1391 and § 1400(b) because Defendants transact business in this District and commit acts of infringement here.

47.     This Court has personal jurisdiction over Fresh Style and Yuanqi because of their contacts with this District. Further, Fresh Style and Yuanqi have consented to the jurisdiction of this Court. This Court has personal jurisdiction over the other Defendants because of their contacts with this District.

**PLAINTIFF'S BUSINESS AND TECHNOLOGICAL INNOVATION AND
COMMITMENT TO REGULATORY COMPLIANCE**

48.     Plaintiff is a leading designer and manufacturer of advanced airbag cushion systems, anti-gravity balance technologies, and massage-type buffer cushioning products.

49.     Plaintiff has invested substantial resources into research, engineering, prototyping, testing, and commercialization of the patented technology described in the '041 Patent.

50.     Plaintiff's core business depends upon its ability to protect and enforce the intellectual property rights covering its technological innovations.

51.     The patented airbag cushion technology was developed after years of engineering research involving high-frequency sealing techniques, multi-chamber airflow systems, and enhanced anti-gravity support structures.

52.     Plaintiff's products incorporating the patented technology are sold globally and are well regarded for safety, durability, and ergonomic performance.

53.     As a global business, selling into many countries around the world, Plaintiff invests substantial resources into ensuring that its products meet applicable laws and regulations. These efforts include building customer relationships, qualifying suppliers, reviewing labeling and marketing claims, maintaining quality controls, and obtaining requisite licenses and registrations.

**THE PATENT-IN-SUIT**

54.     Plaintiff is the owner of all rights, title, and interest in the '041 Patent.

55.     The '041 Patent, issued May 2, 2023, discloses an innovative airbag cushion system using multiple interconnected air chambers, buffer convection pathways, high frequency welded layers, and structural anti-gravity balancing.

13

56.    The patented system improves comfort, deformation resistance, load distribution, and impact absorption.

57.    The patented design is essential for products used in travel settings, ergonomics applications, seating, and anti-fatigue solutions.

58.    A true and correct copy of the '041 Patent is attached as Exhibit A.

59.    Claim 10 of the '041 Patent recites:

10. An airbag cushion comprising an upper cushion body and a lower cushion body, wherein the upper cushion body comprises an upper cushion surface and a lower cushion surface adhered together by adhesive, the upper cushion surface and the lower cushion surface are made of different materials, and a material of the lower cushion surface is higher in elasticity than a material of the upper cushion surface. Grains are formed on a surface of one side of the lower cushion surface away from the upper cushion surface. The surface of a side of the lower cushion surface is bonded and fixed with the lower cushion body, so that a bonding area and an unbonding area are formed between the lower cushion surface and the lower cushion body. A plurality of air bags are formed in the unbonding area, and a plurality of air channels connecting the plurality of air bags are correspondingly formed in the bonding area.

## DEFENDANTS' INFRINGING AND OTHER ILLEGAL CONDUCT

60.    Defendants manufacture, import, use, sell, and offer for sale airbag cushion products that practice each element of at least Claim 1 of the '041 Patent.

61.    Defendants' products incorporate fluid-connected air chambers, upper and lower cushion structures, sealed TPU layers, and airflow convection pathways identical or substantially identical to those claimed in the '041 Patent.

62.    Defendants' listings explicitly show product diagrams and cross-sectional structures matching the patented design.

63.    Plaintiff conducted a detailed technical analysis of Defendants' products, which confirms infringement.

64.    Defendants sell and ship these infringing products into the United States, including to residents of this District.

65.    Defendants' infringement is willful because they knowingly adopt patented technology and conceal their identities to avoid enforcement.

66.    Upon information and belief, Yuanqi manufactures the Accused Cushion, and Fresh Style is an authorized distributor for Yuanqi for sales into the United States.

67.    Upon information and belief, Yuanqi works in concert and conspires with Fresh Style to market and export the Accused Device into the United States for sale.

68.    Fresh Style and Yuanqi and, upon information and belief, Yuanqi's storefronts Defendants Airjourney, Airjourney 2 Store, and Airjourney Store (collectively, the "Fresh Style Defendants") market, advertise, offer for sale, sell, import, distribute, or supply an inflatable cushion product identified in Fresh Style's Counterclaim under Amazon Standard Identification Number B0F5H4555L (the "Accused Cushion"). Fresh Style's own pleading shows the Accused Cushion being used on a wheelchair. (Dkt. 57 at 8.) The Amazon listing, a component of which is shown below, hails the Accused Cushion as "Ideal" for a "Wheelchair."



15

69.     Fresh Style lists the Accused Cushion in the "Medical Supplies & Equipment" category on Amazon. So consumers do not miss the message, Fresh Style's advertising promotes the Accused Cushion as a device that "Relieve[s] pressure sores," complete with a picture of human spinal cord. By expressly advertising the Accused Cushion for wheelchair use and placing it in health, personal-care, mobility, disability-related, and similar channels of commerce, Defendants represent to consumers, Amazon, marketplace operators, downstream sellers, caregivers, and mobility-product purchasers that the Accused Cushion is suitable for wheelchair, mobility, health-related, or similar uses. Fresh Style has also marketed the Accused Cushion as an "Anti-Hemorrhoids Cushion."

70.     The Accused Cushion competes directly with Plaintiff's products, is sold in the same or similar channels of trade, is marketed to the same or overlapping consumers and marketplace operators, and affects Plaintiff's ability to compete on price, quality, compliance, reputation, and market access.

71.     The manufacture, distribution, marketing, importation, and sale of medical devices are regulated by the U.S. Food and Drug Administration ("FDA") under the federal Food, Drug, and Cosmetic Act ("FDCA"), as well as by parallel state food-and-drug laws such as California's Sherman Law. Products marketed for wheelchair use, pressure protection, pressure relief, skin-pressure protection, pressure-injury prevention, rehabilitation seating, mobility support, disability-related support, or similar health-related purposes may constitute medical devices subject to federal and state regulatory requirements.

72.     Medical-device establishments that manufacture, prepare, propagate, compound, assemble, process, import, distribute, or otherwise engage in regulated device activities for commercial distribution in the United States must comply with applicable registration, listing,

16

labeling, quality-system, complaint-handling, reporting, importation, and lawful-marketability obligations unless an exemption applies.

73.    FDA has issued guidance concerning low-risk general-wellness products, but the Fresh Style Defendants do not limit their advertising of the Accused Cushion to ordinary comfort, travel, or general lifestyle use. The Fresh Style Defendants instead expressly advertise the Accused Cushion for wheelchair use, which is material to consumers seeking products for wheelchair users, mobility-related support, disability-related support, prolonged sitting, pressure distribution, or similar uses.

74.    On information and belief, Fresh Style is not registered with FDA as a medical-device establishment.

75.    On information and belief, Yuanqi is not registered with FDA as a medical-device establishment.

76.    On information and belief, neither Fresh Style nor Yuanqi has listed the Accused Cushion with FDA or identified any FDA registration, listing, clearance, approval, authorization, exemption, or other regulatory basis permitting them to market the Accused Cushion in the United States for wheelchair, mobility, pressure-relief, pressure-protection, medical, disability-related, rehabilitation, or similar uses.

77.    On information and belief, the Fresh Style Defendants have not established or maintained the regulatory systems required to lawfully market the Accused Cushion for those uses, including an appropriate quality system.

78.    The Fresh Style Defendants' failure to comply with applicable regulatory requirements renders the Accused Cushion unlawful and misbranded under both the FDCA and parallel state food-and-drug laws.

79.    These Defendants' conduct gives them an unfair competitive advantage over Plaintiff and other lawful competitors. Defendants avoid costs that lawful competitors must bear, including costs associated with regulatory analysis, FDA registration and listing, U.S.-agent compliance, importer compliance, labeling review, quality control, product testing, complaint handling, adverse-event monitoring, customer service, and supplier qualification.

80.    By avoiding those costs while advertising the Accused Cushion for wheelchair and related uses, the Fresh Style Defendants can enter the marketplace faster, sell products more cheaply, obtain marketplace listings more easily, and divert sales from Plaintiff and other competitors that comply with applicable legal and regulatory obligations.

81.    The Fresh Style Defendants' conduct also creates a false impression of equivalence with compliant products. Consumers, Amazon, marketplace operators, downstream sellers, and resellers reasonably expect that products advertised for wheelchair, mobility, health, personal-care, pressure-relief, pressure-protection, or similar uses are lawfully marketed for those uses and are sold under applicable quality, labeling, safety, and regulatory controls.

82.    The Fresh Style Defendants' advertising and marketplace conduct are deceptive because they convey that the Accused Cushion is lawfully marketed, regulatory compliant, and suitable for its advertised wheelchair and related uses when, on information and belief, Defendants have not satisfied the legal and regulatory obligations necessary to make those representations.

83.    The Fresh Styl Defendants' conduct is unfair because they profit from wheelchair-related, health-related, and mobility-related marketing while avoiding the regulatory obligations associated with that marketplace. The Fresh Style Defendants' conduct is unlawful

because it violates, or is predicated on violations of, state food-and-drug laws, state device laws, state unfair-competition laws, state false-advertising laws, and state consumer-protection laws.

84.    Plaintiff does not seek to privately enforce the FDCA. Only FDA or a State may enforce the FDCA directly. 21 U.S.C. § 337(a). Plaintiff instead seeks relief under applicable state unfair competition laws based on predicate violations of state food-and-drug laws.

85.    The Fresh Styl Defendants' conduct has injured and will continue to injure Plaintiff, including through lost sales, price erosion, diversion of business, loss of market share, loss of goodwill, reputational harm, and increased costs of competing against noncompliant products. Plaintiff will continue to suffer irreparable harm unless Defendants are enjoined.

86.    The Fresh Style Defendants' conduct was and is willful. These Defendants knew or should have known that advertising the Accused Cushion for wheelchair, mobility, medical, pressure-relief, pressure-protection, disability-related, rehabilitation, or similar uses could trigger legal and regulatory obligations, but they nevertheless marketed, advertised, offered for sale, sold, imported, distributed, supplied, or caused the Accused Cushion to be distributed without complying with applicable obligations.

## COUNT I
## PATENT INFRINGEMENT
### (35 U.S.C. § 271)
### (Against All Defendants)

87.    Plaintiff incorporates all preceding paragraphs.

88.    Defendants directly infringe the '041 Patent under § 271(a).

89.    Defendants induce infringement under § 271(b) by advertising, instructing, and directing customers to use infringing products.

90.    Defendants contribute to infringement under § 271(c) by supplying components specially made for use in a patented system.

19

91.     Defendants' infringement is willful, deliberate, and in reckless disregard of Plaintiff's rights.

92.     Plaintiff has suffered damages as a result of Defendants' actions and will continue to suffer irreparable harm without injunctive relief.

**COUNTS II ET SEQ.**
**UNFAIR AND DECPTIVE TRADE PRACTICES AND UNFAIR**
**COMPETITION**
**N.Y. Gen. Bus. Law § 349**
**Cal. Bus. & Prof. Code § 17200**
**(Against the Fresh Style Defendants)**

93.     Plaintiff incorporates all preceding paragraphs.

94.     The Fresh Style Defendants compete with Plaintiff in the market for inflatable air cushions, seat cushions, wheelchair cushions, mobility-use cushions, and related support-cushion products.

95.     The Fresh Style Defendants engaged in unfair, unlawful, deceptive, and misleading conduct by marketing, advertising, offering for sale, selling, importing, distributing, supplying, or causing to be supplied the Accused Cushion while failing to comply with applicable regulatory and state-law obligations.

96.     The Fresh Style Defendants' unfair and deceptive acts include, without limitation: marketing the Accused Cushion as suitable for wheelchair, health, personal-care, mobility, medical, pressure-relief, pressure-protection, disability-related, rehabilitation, or similar uses while failing to comply with applicable regulatory requirements; creating the false or misleading impression that the Accused Cushion is lawfully marketed for those uses; creating the false or misleading impression that these Defendants and the Accused Cushion comply with applicable registration, listing, labeling, quality, safety, importation, and lawful-

marketability requirements; avoiding regulatory and quality-system costs borne by lawful competitors; diverting sales from Plaintiff through unlawful and deceptive marketplace conduct; and continuing to market, sell, import, distribute, and supply the Accused Cushion despite notice that their regulatory status and compliance are disputed.

97.    Plaintiff does not assert a private right of action to enforce the FDCA. Plaintiff asserts state unfair-competition, false-advertising, consumer-protection, and unfair-and-deceptive-trade-practice claims based on the Fresh Style Defendants' unfair, unlawful, and deceptive marketplace conduct and violations of independent state-law duties, including state food-and-drug requirements.

98.    The Fresh Style Defendants' unfair, unlawful, deceptive, and misleading acts are consumer-oriented because they are directed to the general public, including residents of New York, through Amazon and other online marketplaces that are widely used by ordinary consumers to purchase wheelchair cushions, mobility-support products, and health-related supplies.

99.    The Fresh Style Defendants' conduct would mislead a reasonable consumer in New York into believing that the Accused Cushion is lawfully marketed for wheelchair, mobility, medical, pressure-relief, and related uses, and that it is subject to appropriate regulatory, quality, labeling, and safety controls, when, on information and belief, that is not the case.

100.    As a direct and proximate result of the Fresh Style Defendants' deceptive acts and practices, Plaintiff has suffered injury in New York, including lost sales and lost profits from customers in New York, diversion of business and market share in New York, price erosion in New York caused by the Fresh Style Defendants' ability to sell noncompliant

products at unlawfully reduced prices, and harm to Plaintiff's goodwill and reputation among New York consumers and marketplace operators.

101.    Plaintiff's injuries are distinct from any injury to the general public because Plaintiff has lost concrete business opportunities, revenue, and competitive position in New York that would have accrued to Plaintiff absent the Fresh Style Defendants' deceptive conduct.

102.    The Accused Cushion is available in California. California's Unfair Competition Law prohibits unlawful, unfair, or fraudulent business acts or practices and unfair, deceptive, untrue, or misleading advertising. California's Sherman Food, Drug, and Cosmetic Law regulates the sale, delivery, advertising, and distribution of devices. The Fresh Style Defendants violated California's Unfair Competition Law by engaging in unlawful, unfair, and fraudulent business practices, including conduct predicated on violations of California's Sherman Law and other laws governing the marketing, sale, delivery, advertising, and distribution of devices.

103.    The Fresh Style Defendants' acts are unlawful because they violate, or are predicated on violations of, applicable state food-and-drug, device, false-advertising, consumer-protection, and unfair-competition laws. The Fresh Style Defendants' acts are unfair because they obtain an unearned competitive advantage by avoiding regulatory, quality, labeling, testing, complaint-handling, registration, listing, and lawful-marketability costs borne by compliant competitors. Defendants' acts are fraudulent and deceptive because members of the public are likely to be deceived into believing that the Accused Cushion is lawfully marketed, properly registered or listed if required, and suitable for its advertised wheelchair and related uses.

104.    The Fresh Style Defendants' conduct violates analogous state unfair-and-

22

deceptive-trade-practice, false-advertising, consumer-protection, and unfair-competition laws in the States where Defendants marketed, offered for sale, sold, imported, distributed, supplied, or caused the Accused Cushion to be sold or distributed.

105.    The Fresh Style Defendants' unfair, unlawful, deceptive, and misleading acts affect commerce and have caused and will continue to cause injury to Plaintiff, including lost sales, lost profits, price erosion, diversion of business, loss of market share, loss of goodwill, reputational harm, and increased costs of competing against noncompliant products.

106.    The Fresh Style Defendants' actions were willful, knowing, intentional, and undertaken in reckless disregard of Plaintiff's rights and applicable legal obligations.

107.    Plaintiff is entitled to injunctive relief, restitution, disgorgement, damages, enhanced or treble damages where available, attorneys' fees where available, costs, pre-judgment interest, post-judgment interest, and all other relief the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment in its favor and against Defendants as follows:

a)    A temporary, preliminary, and permanent injunction restraining Defendants, their officers, agents, servants, employees, attorneys, and all persons acting in concert with them from:

b)    making, using, selling, offering for sale, or importing products embodying the '041 Patent;

c)    aiding, abetting, contributing to, or otherwise assisting anyone in making using, selling, offering for sale, and/or importing in the United States for sale or use any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the

'041 Patent;

d)      effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) and (c);

e)      An order directing online marketplaces (including Amazon, eBay, AliExpress, Alibaba, Wish, Walmart.com, Target.com, Dhgate, Temu), payment processors, and search engines to disable Defendants' storefronts and infringing listings;

f)      An award of Plaintiff's actual damages and/or a reasonable royalty, plus interest and costs, pursuant to 35 U.S.C. § 284;

g)      An award of Defendants' profits from infringement, pursuant to 35 U.S.C. § 289;

h)      Preliminarily and permanently enjoin Fresh Style and Yuanqi, and all persons acting in concert with them, from marketing, advertising, offering for sale, selling, importing, distributing, supplying, or causing to be supplied the Accused Cushion for wheelchair, health, personal-care, mobility, medical, pressure-relief, pressure-protection, rehabilitation, disability-related, or similar use unless and until they comply with all applicable federal and state regulatory requirements;

i)      Enjoin Fresh Style and Yuanqi from representing, expressly or by implication, that the Accused Cushion is FDA-registered, FDA-listed, FDA-cleared, FDA-approved, FDA-compliant, lawfully marketed, or suitable for wheelchair, medical, mobility, pressure-relief, pressure-protection, or similar use unless such representations are true, nonmisleading, substantiated, and compliant with applicable law;

j)      Require Fresh Style and Yuanqi to remove, revise, or correct all deceptive, unfair, unlawful, or misleading advertising for the Accused Cushion, including Amazon listings and

other marketplace listings;

k)      Require Fresh Style and Yuanqi to provide corrective notice to Amazon, downstream sellers, distributors, resellers, and consumers concerning the Accused Cushion's regulatory status and lawful intended uses;

l)      Require Fresh Style and Yuanqi to disgorge profits obtained through their unfair, unlawful, and deceptive conduct;

m)      Award Plaintiff damages, restitution, disgorgement, enhanced damages, treble damages, statutory damages, or other monetary relief where available under applicable state law;

n)      An award of Plaintiff's reasonable attorneys' fees and costs; and

o)      Such other and further relief as the Court deems just and proper.


Dated:  August 3, 2026.

Respectfully submitted,


By: /s/*James R. Lawrence, III*
ANTHONY J. BILLER
NC State Bar No. 24,117*
JAMES R. LAWRENCE, III
NC State Bar No. 44,560*
Envisage Law
PO Box 30099
Raleigh, NC 27622
Telephone: (919) 268-8998
Facsimile:  (984) 212-5164
Email: ajbiller@envisage.law
        jlawrence@envisage.law


RONALD A. BERUTTI
MURRAY-NOLAN BERUTTI LLC
136 Central Avenue, 2nd Floor
Clark, New Jersey 07066
Phone: 908.588.2111
Email: Ron@MNBlawfirm.com