**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DONG GUAN JIA SHUAN INDUSTRIAL CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>HANGZHOU XIAPAI E-COMMERCE CO., LTD.; GUANGZHOU YUANQI POWER TECHNOLOGY CO.; AIRJOURNEY; AIRJOURNEY 2 STORE; AIRJOURNEY STORE; USLIKEDIY; CURINQU; SLYDSM; SHANOA; GYXWAN; ZEYIMM; JMPUGON GYING; LINYIQIANJIAYI BANCAICHANG; SUNNY DAY SHOP; ANABIUP; GUO ZHEN ART STORE; TURNEXTTE; HUXZ-US; YILIN-SHIJQ; LINJIUYI; QXLZSYYX GS; TRENDINGS4U; GTS TECH STORE; GAOWITH17; XIAONAS ENTREPRENEURSHIP; GYH STORE; TOSUOD CYCLING HIVE; JOE'S GADGET STORE; YUCEN-US; HENGYUNZHINENG; XINWAN SUPPLY CHAIN; CALIFORNIA FBM STORE; SHOP1104910413 STORE; GGMMAS STYLISH STORE; SMART CHOICE STORE; GREEN TEA STORE; SHOP1103857702 STORE; SAM CYCLING SPORTS STORE; WEST BIKING GOBIKE STORE; WINDCHASER CYCLING STORE; CAR MOTO PART FACTORY STORE; AND JUUCUU,<br><br>Defendants. | Case No.: 25-cv-10228-MKV<br><br>**PLAINTIFF'S ANSWER TO DEFENDANT GUANGZHOU YUANQI POWER TECHNOLOGY CO.'S COUNTERCLAIMS** |

Plaintiff and Counterclaim Defendant Dong Guan Jia Shuan Industrial Co., Ltd. ("Plaintiff") answers the Counterclaims asserted by Defendant and Counterclaim Plaintiff Guangzhou Yuanqi Power Technology Co. ("Yuanqi"), (Dkt. 97), as follows. Any allegation not expressly admitted is denied.

## ANSWER TO COUNTERCLAIMS

## THE PARTIES

1. Plaintiff admits the allegations of paragraph 1.

2. Plaintiff admits that it is a Chinese corporation with its principal place of business at Room 401, Building 3, No. 112 Shatouhexing Road, Shatou Community, Chang'an Town, Dongguan City, Guangdong Province, China. Plaintiff denies any remaining allegations in Paragraph 2 of the Counterclaims.

### A. Statement of Facts

***The Patent-in-Suit***

3. Plaintiff admits that U.S. Patent No. 11,639,041 (the " '041 Patent") is titled "Process for producing anti-gravity balance massage type buffer convection airbag and airbag cushion" and issued on May 2, 2023. The '041 Patent speaks for itself as to its contents and legal effect. Plaintiff denies any remaining allegations in Paragraph 3.

4. Plaintiff admits that the '041 Patent issued from U.S. Patent Application No. 16/809,835 and claims priority to Chinese Patent Application No. 201910216734.6. The '041 Patent and the official prosecution record speak for themselves as to their contents, dates, and legal effect. Plaintiff denies any remaining allegations in Paragraph 4.

5. Plaintiff admits that an assignment concerning the '041 Patent was recorded with the United States Patent and Trademark Office. The assignment record speaks for itself as to its contents and legal effect. Plaintiff denies any remaining allegations in Paragraph 5.

6. Plaintiff admits that it is identified as applicant and assignee in the records associated with the '041 Patent. Plaintiff denies the remaining allegations in Paragraph 6, including the characterization of the prosecution record.

***Yuanqi's Accused Products***

7. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 and therefore denies them.

8. Plaintiff lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 8, including the identity, characteristics, sales history, availability, ownership, operation, or relationship of any listed ASINs and any alleged association with Yuanqi, and therefore denies them.

9. Plaintiff admits that Fresh Style offered an accused cushion on Amazon. Plaintiff denies any remaining allegations in Paragraph 9.

10. Plaintiff lacks knowledge or information sufficient to form a belief as to the alleged similarities among Yuanqi's products and therefore denies the allegations in Paragraph 10.

11. Plaintiff admits that the Counterclaims reproduce an image that purports to depict a Yuanqi inflatable seat cushion product. Plaintiff denies any allegation that the image accurately depicts all Yuanqi products or establishes their structure, operation, identity, or legal relevance.

12. Plaintiff admits that it has submitted intellectual-property complaints to Amazon concerning products believed to infringe the '041 Patent. Plaintiff denies that any such complaint was improper, that it "facilitated" any action other than through Amazon's applicable processes, or that the complaint activity had the character, scope, timing, or effect alleged. Plaintiff denies the remaining allegations in Paragraph 12.

13. Plaintiff lacks knowledge or information sufficient to verify Yuanqi's tally or characterization of marketplace actions and denies the allegations in Paragraph 13.

14. Plaintiff admits that the parties communicated concerning Plaintiff's infringement allegations. Plaintiff denies the remaining allegations in Paragraph 14.

15. Plaintiff admits that Amazon notified Fresh Style that ASIN B0F5H4555L had been removed based on alleged infringement of the ’041 Patent. The notice and record speak for themselves. Plaintiff denies any remaining allegations in Paragraph 15.

16. Plaintiff admits that counsel communicated concerning access to sealed filings. Plaintiff denies the remaining allegations and any implication of misconduct in Paragraph 16.

17. Plaintiff admits that documents were produced pursuant to the Court’s January 28, 2026 Order. The Order and docket speak for themselves. Plaintiff denies the remaining allegations in Paragraph 17.

18. Denied.

***The Prior Art***

19. Denied.

***Chinese Patent No. 207075698***

20. Plaintiff admits that Counterclaims Paragraph 20 purports to refer to Chinese Patent No. 207075698. Plaintiff denies that Yuanqi’s accused product is materially the same as any product disclosed in that document, denies that the document discloses each and every limitation of any asserted claim of the ’041 Patent, and denies the remaining allegations in Paragraph 20.

21. Plaintiff admits that Chinese Patent No. 207075698 bears a publication date of March 9, 2018. Plaintiff denies that it anticipates, invalidates, or otherwise renders unpatentable any asserted claim of the ’041 Patent and denies the remaining allegations in Paragraph 21.

***The ROHO Mosaic Wheelchair Cushion***

22. Plaintiff admits that a YouTube video titled “Best Value in Air – ROHO Mosaic Wheelchair Cushion Review” was posted in November 2017 and depicts a ROHO air-cell wheelchair cushion. Plaintiff denies that the Accused Product “is in all material respects the

same" as the product shown in that video and denies that the video discloses the claimed process or cushion structures of the '041 Patent. Except as admitted, Plaintiff otherwise denies the allegations in Paragraph 22.

23. Paragraph 23 of the Counterclaims cites documents, the contents of which speak for themselves. Plaintiff therefore denies the allegations of Paragraph 23.

24. Paragraph 23 of the Counterclaims cites documents, the contents of which speak for themselves. Plaintiff therefore denies the allegations of Paragraph 24.

25. Paragraph 23 of the Counterclaims cites documents, the contents of which speak for themselves. Plaintiff therefore denies the allegations of Paragraph 25.

***The SUNFICON AIR Cushion***

26. Plaintiff is without sufficient information to admit or deny as to when the SUNFICON AIR Cushion was publicly available. Plaintiff therefore denies the allegations of Paragraph 26.

27. Plaintiff is without sufficient information to admit or deny as to when the SUNFICON AIR Cushion was publicly available. Plaintiff therefore denies the allegations of Paragraph 27.

28. Paragraph 28 of the Counterclaims cites documents, the contents of which speak for themselves. Plaintiff therefore denies the allegations of Paragraph 28.

***The 1688.com Listing***

29. Plaintiff lacks sufficient information and knowledge to admit or deny when the product cited at Paragraph 29 of the Counterclaims. Plaintiff therefore denies the allegations of Paragraph 29.

30. Paragraph 30 of the Counterclaims cites documents, the contents of which speak for themselves. Plaintiff therefore denies the allegations of paragraph 30.

***Plaintiff's Unclean Hands and Unenforceability of the '041 Patent***

31. Plaintiff incorporates its responses to Paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff admits that Chinese Patent No. 207075698 exists and bears the publication date alleged. Plaintiff denies any remaining allegations or implications in Paragraph 32.

33. Plaintiff admits only that the document referenced in Paragraph 33 purports to concern an air cushion. Plaintiff denies that it discloses the claimed invention of the '041 Patent, denies that it discloses every limitation of Claim 7 or any other asserted claim, and denies the remaining allegations in Paragraph 33.

34. Plaintiff denies the allegations in Paragraph 34. The '041 Patent speaks for itself as to the language, scope, and legal effect of Claim 7.

35. Plaintiff admits that an Information Disclosure Statement was filed during prosecution of the application that matured into the '041 Patent. The prosecution history and the Information Disclosure Statement speak for themselves as to their contents. Plaintiff denies the remaining allegations in Paragraph 35.

36. Plaintiff denies the allegations in Paragraph 36, including every allegation of willfulness, intent to mislead, deceive, or defraud, inequitable conduct, or improper purpose.

37. Plaintiff denies the allegations in Paragraph 37, including the assertion that Claim 7 would not have been allowed absent the alleged omission.

38. Plaintiff denies the allegations in Paragraph 38, including the assertion that the '041 Patent is unenforceable.

***<u>Plaintiff's Unlawful Anticompetitive Behavior</u>***

39. Plaintiff incorporates its responses to Paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiff admits that it has sought in good faith to enforce the '041 Patent against infringing products. Plaintiff denies the remaining allegations and characterizations in Paragraph 40.

41. Denied.

42. Plaintiff admits that the Court entered a temporary restraining order in this action. The Court's order and the record speak for themselves as to their contents and legal effect. Plaintiff denies the remaining allegations in Paragraph 42, including any assertion that Plaintiff improperly caused the removal of any listing.

43. Plaintiff admits that it submitted materials in support of its request for preliminary injunctive relief. The cited materials and the Court record speak for themselves as to their contents. Plaintiff denies the remaining allegations in Paragraph 43.

44. Denied.

45. Denied.

46. Denied. Plaintiff states that its infringement allegations were supported by a reasonable, good-faith investigation and analysis under the circumstances.

47. Denied.

48. Denied. Plaintiff sought to enforce valid patent rights and to remedy other unlawful marketplace conduct, not to restrain legitimate competition.

49. Denied. Plaintiff denies each required element of a Walker Process or Sherman Act claim. The cited authority speaks for itself.

**COUNT I**
**Declaration of Invalidity of U.S. Patent No. 11,639,041 - Anticipation**

50. Plaintiff incorporates its responses to Paragraphs 1 through 49 as though fully set forth herein.

51. Plaintiff denies the allegations in Paragraph 51. Yuanqi has not identified a single reference that discloses, expressly or inherently, every limitation of any asserted claim of the ’041 Patent arranged as required by the claim. Plaintiff further denies that the vague references to unspecified publications, sales, or products provide a legally sufficient basis for the requested declaration.

52. Paragraph 52 states a legal conclusion to which no response is required. To the extent a response is required, denied.

**COUNT II**
**Declaration of Invalidity of U.S. Patent No. 11,639,041 – Obviousness**

53. Plaintiff incorporates its responses to Paragraphs 1 through 52 as though fully set forth herein.

54. Plaintiff denies the allegations in Paragraph 54. Yuanqi has not pleaded or established a legally sufficient obviousness theory, including a proper claim-by-claim analysis, an identified combination of references, a reason a person of ordinary skill would have combined the references in the manner claimed, or facts establishing a reasonable expectation of success.

55. Paragraph 55 states a legal conclusion to which no response is required. To the extent a response is required, denied.

**COUNT III**
**Declaration of Noninfringement of U.S. Patent No. 11,639,041**

56. Plaintiff incorporates its responses to Paragraphs 1 through 55 as though fully set forth herein.

57. Plaintiff denies the allegations in Paragraph 57. Plaintiff further denies that the alleged similarity between an accused product and any alleged prior-art reference establishes noninfringement. Infringement and patent validity are distinct legal inquiries.

58. Paragraph 58 states a legal conclusion to which no response is required. To the extent a response is required, denied.

**COUNT IV**
**Declaration of Unenforceability of U.S. Patent No. 11,639,041 Patent – Inequitable Conduct**
**37 C.F.R. § 1.56**

59. Plaintiff incorporates its responses to Paragraphs 1 through 58 as though fully set forth herein.

60. Plaintiff admits that Chinese Patent No. 207075698 exists and bears a publication date of March 9, 2018. Plaintiff denies the remaining allegations and implications in Paragraph 60.

61. Denied.

62. Plaintiff admits that U.S. Patent Application No. 16/809,835 was filed on or about March 4, 2020 and matured into the ’041 Patent. The prosecution record speaks for itself. Plaintiff denies the remaining allegations in Paragraph 62.

63. Plaintiff admits that an information disclosure statement was filed and that persons substantively involved in prosecution were subject to duties imposed by applicable law. Plaintiff denies Yuanqi’s characterization and any implication of breach.

64. Denied.

65. Denied.

66. Denied. Plaintiff specifically denies any specific intent to deceive the USPTO.

67. Denied. Plaintiff denies but-for materiality, reliance, causation, and intent.

68. Denied. Plaintiff denies that any claim is unenforceable. The cited authority speaks for itself.

69. Paragraph 69 states a legal conclusion to which no response is required. To the extent a response is required, denied.

**COUNT V**
**Antitrust Violation – Sherman Act § 2**
**15 U.S.C § 2**

70. Plaintiff incorporates its responses to Paragraphs 1 through 69 as though fully set forth herein. Plaintiff intends to move to dismiss Count V for failure to state a claim for which relief can be granted.

71. Denied. Plaintiff denies anticompetitive conduct, specific intent to monopolize, monopoly power, dangerous probability of achieving monopoly power, and every other element of the asserted claim.

***Plaintiff gained, or attempted to gain, monopoly power***

72. Denied.

73. Denied.

***The Relevant Market***

74. Denied. Plaintiff denies Yuanqi's proposed product and geographic markets and denies that Plaintiff created or attempted to create a monopoly.

75. Denied. The allegations do not plead a legally cognizable relevant product market and improperly exclude reasonably interchangeable alternatives.

76. Denied.

77. Denied.

78. Denied. Plaintiff denies Yuanqi's proposed geographic market and denies that good-faith patent enforcement on e-commerce platforms constitutes monopolization or attempted monopolization.

***Plaintiff is not protected by the '041 Patent***

79. Denied.

80. Plaintiff denies the allegations in Paragraph 80, including the alleged number of products, listings, or competitors; the alleged scope and dates of enforcement activity; and the assertion that Plaintiff's enforcement conduct was anticompetitive or unlawful.

81. Denied.

***Plaintiff has caused antitrust injury***

82. Denied. Plaintiff denies exclusionary conduct, antitrust injury, harm to competition, and causation.

83. Denied. Plaintiff lacks knowledge as to Yuanqi's alleged revenues and losses and denies that any act by Plaintiff proximately caused a cognizable antitrust injury.

84. Denied.

85. Paragraph 85 states a legal conclusion to which no response is required. To the extent a response is required, denied.

## RESPONSES TO PRAYER FOR RELIEF

Plaintiff denies that Yuanqi is entitled to any of the relief requested in paragraphs (a) through (g), or to any other relief, and requests that judgment be entered in Plaintiff's favor on all Counterclaims.

## AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSE NO. 1
### Failure to State a Claim

The Counterclaims, in whole or in part, fail to state a claim upon which relief can be granted.

**AFFIRMATIVE DEFENSE NO. 2**
***Noerr-Pennington* and Petitioning Immunity**

Yuanqi's antitrust and damages theories are barred, in whole or in part, by the *Noerr-Pennington* doctrine and related protections for petitioning courts and invoking lawful adjudicatory and marketplace enforcement processes, except to the extent a properly pleaded and proven exception applies.

**AFFIRMATIVE DEFENSE NO. 3**
**Unclean Hands**

Yuanqi's counterclaims seek equitable and declaratory relief, including a declaration of unenforceability and a permanent injunction, and Yuanqi is barred from obtaining it by the doctrine of unclean hands. As described in detail in Plaintiff's Amended Complaint, Yuanqi manufactures and supplies the Accused Cushion to a network of downstream sellers, including Fresh Style, that advertise and sell it for wheelchair use, pressure-sore relief, and hemorrhoid relief and list it in Amazon's "Medical Supplies & Equipment" category, and Yuanqi does so without the registration, listing, labeling, or quality-system compliance required to lawfully supply a device for those purposes under applicable state food-and-drug laws. That conduct bears an immediate and necessary relation to the equity Yuanqi seeks, because the requested relief would allow Yuanqi to resume and expand unlawful manufacture and distribution of the same Accused Products at Plaintiff's expense.

**RESERVATION OF RIGHTS**

Plaintiff reserves the right to amend its affirmative defenses as its investigation ongoing and discovery in this matter proceeds.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court:

A. Enter judgment in favor of Plaintiff and against Yuanqi on all Yuanqi's claims;

B. Award Plaintiff its attorney's fees and costs incurred defending Yuanqi's Counterclaims; and

C. Provide any other relief this Court deems just and proper.

**JURY TRIAL DEMANDED**

Plaintiff requests a jury trial on all matters so triable.

Dated this the 8th day of September 2026.

*/s/ James R. Lawrence, III*
Anthony J. Biller
NC State Bar No. 24,117
James R. Lawrence, III
NC State Bar No. 44,560
Envisage Law
PO Box 30099
Raleigh, NC 27622
Telephone: (919) 268-8998
Facsimile: (984) 212-5164
Email: ajbiller@envisage.law
Email: jlawrence@envisage.law

RONALD A. BERUTTI
MURRAY-NOLAN BERUTTI LLC
136 Central Avenue, 2nd Floor
Clark, New Jersey 07066
Phone: 908.588.2111
Email: Ron@MNBlawfirm.com

*Attorney for Plaintiff*