**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DONG GUAN JIA SHUAN INDUSTRIAL CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>HANGZHOU XIAPAI E-COMMERCE CO., LTD.; GUANGZHOU YUANQI POWER TECHNOLOGY CO.; AIRJOURNEY; AIRJOURNEY 2 STORE; AIRJOURNEY STORE; USLIKEDIY; CURINQU; SLYDSM; SHANOA; GYXWAN; ZEYIMM; JMPUGON GYING; LINYIQIANJIAYI BANCAICHANG; SUNNY DAY SHOP; ANABIUP; GUO ZHEN ART STORE; TURNEXTTE; HUXZ-US; YILIN-SHIJQ; LINJIUYI; QXLZSYYX GS; TRENDINGS4U; GTS TECH STORE; GAOWITH17; XIAONAS ENTREPRENEURSHIP; GYH STORE; TOSUOD CYCLING HIVE; JOE'S GADGET STORE; YUCEN-US; HENGYUNZHINENG; XINWAN SUPPLY CHAIN; CALIFORNIA FBM STORE; SHOP1104910413 STORE; GGMMAS STYLISH STORE; SMART CHOICE STORE; GREEN TEA STORE; SHOP1103857702 STORE; SAM CYCLING SPORTS STORE; WEST BIKING GOBIKE STORE; WINDCHASER CYCLING STORE; CAR MOTO PART FACTORY STORE; AND JUUCUU,<br><br>Defendants. | Case No.: 25-cv-10228-MKV<br><br>**PLAINTIFF'S ANSWER TO DEFENDANT HANGZHOU XIAPAI E-COMMERCE CO., LTD'S COUNTERCLAIMS** |

Plaintiff and Counterclaim Defendant Dong Guan Jia Shuan Industrial Co., Ltd. ("Plaintiff") answers the Counterclaims asserted by Defendant and Counterclaim Plaintiff Hangzhou Xiapai E-Commerce Co., Ltd. ("Fresh Style"), (Dkt. 98), as follows. Any allegation not expressly admitted is denied.

## ANSWER TO COUNTERCLAIM

### The Parties

1. Admitted.

2. Plaintiff admits that it is a Chinese limited liability company. Plaintiff otherwise denies the allegations in paragraph 2 of Fresh Style's Counterclaims.

### Jurisdiction and Venue

3. Plaintiff admits that it commenced this action in this Court and thereby submitted to the Court's jurisdiction for purposes of this action. Plaintiff denies any remaining allegations in Paragraph 5. Plaintiff admits that this Court has subject matter jurisdiction over Fresh Style's Counterclaims. Except as admitted, Plaintiff otherwise denies the allegations in paragraph 3 of Fresh Style's Counterclaims.

4. Plaintiff admits only that an actual case or controversy exists between Plaintiff and Fresh Style concerning the validity of and Fresh Style's infringement of at least one claim of U.S. Patent No. 11,639,041 (the " '041 Patent"). Except as admitted, Plaintiff denies the remainder of paragraph 4 of Fresh Style's Counterclaims.

5. Plaintiff admits that this Court has subject-matter jurisdiction over the parties' patent disputes and that venue is proper in this District in view of Fresh Style's assertion of counterclaims in this action. Except as admitted, Plaintiff denies the remainder of the allegations of paragraph 5 of Fresh Style's Counterclaims.

### A. Statement of Facts

#### *The Patent-in-Suit*

6. Plaintiff admits only the materials cited in paragraph 6 of Fresh Style's Counterclaims exist, the contents of which speak for themselves. Plaintiff denies any

characterization inconsistent with those documents. Except as admitted, Plaintiff otherwise denies the allegations in paragraph 6.

7. Plaintiff admits only the materials cited in paragraph 7 of Fresh Style's Counterclaims exist, the contents of which speak for themselves. Plaintiff denies any characterization inconsistent with those documents. Except as admitted, Plaintiff otherwise denies the allegations in paragraph 7.

8. Plaintiff admits only the materials cited in paragraph 8 of Fresh Style's Counterclaims exist, the contents of which speak for themselves. Plaintiff denies any characterization inconsistent with those documents. Except as admitted, Plaintiff otherwise denies the allegations in paragraph 8.

***Fresh Style's Accused Product***

9. Plaintiff admits that Fresh Style offered an inflatable seat cushion through Amazon. Plaintiff denies that the image referenced in Paragraph 9 accurately or completely depicts all relevant aspects of the accused product, including its internal structure, materials, manufacture, operation, or use. Plaintiff denies any remaining allegations in Paragraph 9.

10. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Fresh Style sources its products from Guangzhou Qihang Technology Co., Ltd. and therefore denies the allegations in Paragraph 10.

11. Plaintiff is without sufficient information and knowledge to admit or deny the allegations of paragraph 11 of Fresh Style's Counterclaims. Plaintiff does not have access to Fresh Style's communications with Amazon. Plaintiff therefore denies the allegations of paragraph 11.

12. Plaintiff admits that there is a real and concrete dispute between Fresh Style and Plaintiff. Plaintiff otherwise denies the allegations of paragraph 12 of Fresh Style's Counterclaims.

***The Prior Art***

13. The allegations of Paragraph 13 of Fresh Style's Counterclaims are denied.

***Chinese Patent No. 207075698***

14. Paragraph 14 of Fresh Style's Counterclaims cites documents, the contents of which speak for themselves. Plaintiff otherwise denies the allegations of paragraph 14.

15. Paragraph 15 of Fresh Style's Counterclaims cites documents, the contents of which speak for themselves. Plaintiff otherwise denies the allegations of paragraph 15.

***The ROHO Mosaic Wheelchair Cushion***

16. Plaintiff admits that a YouTube video titled "Best Value in Air – ROHO Mosaic Wheelchair Cushion Review" was posted in November 2017 and depicts a ROHO air-cell wheelchair cushion. Plaintiff denies that the Accused Product "is in all material respects the same" as the product shown in that video and denies that the video discloses the claimed process or cushion structures of the '041 Patent. Except as admitted, Plaintiff otherwise denies the allegations in paragraph 16 of Fresh Style's Counterclaims.

17. Paragraph 17 of Fresh Style's Counterclaims cites documents, the contents of which speak for themselves. Plaintiff therefore denies the allegations of paragraph 17.

18. Paragraph 18 of Fresh Style's Counterclaims cites documents, the contents of which speak for themselves. Plaintiff therefore denies the allegations of paragraph 18.

19. Paragraph 19 of Fresh Style's Counterclaims cites documents, the contents of which speak for themselves. Plaintiff therefore denies the allegations of paragraph 19.

***The SUNFICON AIR Cushion***

20. Plaintiff is without sufficient information to admit or deny as to when the SUNFICON AIR Cushion was publicly available. Plaintiff therefore denies the allegations of paragraph 20 of Fresh Style's Counterclaims.

21. Plaintiff is without sufficient information to admit or deny as to when the SUNFICON AIR Cushion was publicly available. Plaintiff therefore denies the allegations of paragraph 21 of Fresh Style's Counterclaims.

22. Paragraph 22 of Fresh Style's Counterclaims cites documents, the contents of which speak for themselves. Plaintiff therefore denies the allegations of paragraph 22.

***The 1688.com Listing***

23. Plaintiff lacks sufficient information and knowledge to admit or deny when the product cited at paragraph 23 of Fresh Style's Counterclaims. Plaintiff therefore denies the allegations of paragraph 23.

24. Paragraph 24 of Fresh Style's Counterclaims cites documents, the contents of which speak for themselves. Plaintiff therefore denies the allegations of paragraph 22.

**COUNT I**
**Declaration of Invalidity of U.S. Patent No. 11,639,041 - Anticipation**

25. The allegations of paragraph 25 of Fresh Style's Counterclaims require no response. To the extent they do, Plaintiff denies the allegations of paragraph 25.

26. The allegations of paragraph 26 of Fresh Style's Counterclaims are legal conclusions which do not require response. To the extent they do, Plaintiff denies the allegations of paragraph 26.

27. The allegations of paragraph 27 of Fresh Style's Counterclaims are legal conclusions which do not require response. To the extent they do, Plaintiff denies the allegations of paragraph 27.

**COUNT II**
**Declaration of Invalidity of U.S. Patent No. 11,639,041 – Obviousness**

28. The allegations of paragraph 28 of Fresh Style's Counterclaims require no response. To the extent they do, Plaintiff denies the allegations of paragraph 28.

29. The allegations of paragraph 29 of Fresh Style's Counterclaims are legal conclusions which do not require response. To the extent they do, Plaintiff denies the allegations of paragraph 29.

30. The allegations of paragraph 30 of Fresh Style's Counterclaims are legal conclusions which do not require response. To the extent they do, Plaintiff denies the allegations of paragraph 30.

**COUNT III**
**Declaration of Noninfringement of U.S. Patent No. 11,639,041**

31. The allegations of paragraph 31 of Fresh Style's Counterclaims require no response. To the extent they do, Plaintiff denies the allegations of paragraph 32.

32. The allegations of paragraph 32 of Fresh Style's Counterclaims are legal conclusions which do not require response. To the extent they do, Plaintiff denies the allegations of paragraph 26.

33. The allegations of paragraph 33 of Fresh Style's Counterclaims are legal conclusions which do not require response. To the extent they do, Plaintiff denies the allegations of paragraph 33.

## RESPONSES TO PRAYER FOR RELIEF

Plaintiff denies that Fresh Style is entitled to any relief requested in paragraphs (a) through (e), including any declaration of invalidity or noninfringement, any injunction restricting Plaintiff's enforcement of the '041 Patent, attorneys' fees under 35 U.S.C. § 285, or any other relief. Plaintiff further notes that the Prayer for Relief appears to request certain relief be awarded to "Plaintiff," although the context suggests Fresh Style intended to request relief for itself.

## AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSE NO. 1
### Lack of Standing

Fresh Style lacks standing to assert Counterclaims to the extent Fresh Style seeks relief on behalf of or in favor of Guangzhou Qihang Technology Development Co., Ltd. or other non-party entities.

### AFFIRMATIVE DEFENSE NO. 2
### Unclean Hands

Fresh Style's counterclaims seek equitable and declaratory relief, and Fresh Style is barred from obtaining it by the doctrine of unclean hands. As described in detail in Plaintiff's Amended Complaint, Fresh Style advertises and sells the Accused Cushion for wheelchair use, pressure-sore relief, and hemorrhoid relief, and lists it in Amazon's "Medical Supplies & Equipment" category, without the registration, listing, labeling, or quality-system compliance required to lawfully market a device for those purposes under applicable state food-and-drug laws. That conduct bears an immediate and necessary relation to the equity Fresh Style seeks, because the requested relief would allow Fresh Style to resume and expand unlawful sales of the same Accused Product at Plaintiff's expense.

**RESERVATION OF RIGHTS**

Plaintiff reserves the right to amend its affirmative defenses as its investigation ongoing and discovery in this matter proceeds.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court:

A. Enter judgment in favor of Plaintiff and against Fresh Style on all Fresh Style's claims;

B. Award Plaintiff its attorney's fees and costs incurred defending Fresh Style's Counterclaims; and

C. Provide any other relief this Court deems just and proper.

**JURY TRIAL DEMANDED**

Plaintiff requests a jury trial on all matters so triable.

Dated this the 8th day of September 2026.

*/s/ James R. Lawrence, III*
Anthony J. Biller
NC State Bar No. 24,117
James R. Lawrence, III
NC State Bar No. 44,560
Envisage Law
PO Box 30099
Raleigh, NC 27622
Telephone: (919) 268-8998
Facsimile: (984) 212-5164
Email: ajbiller@envisage.law
Email: jlawrence@envisage.law

RONALD A. BERUTTI
MURRAY-NOLAN BERUTTI LLC
136 Central Avenue, 2nd Floor
Clark, New Jersey 07066

Phone: 908.588.2111
Email: Ron@MNBlawfirm.com

*Attorneys for Plaintiff*