**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

DONG GUAN JIA SHUAN INDUSTRIAL CO., LTD.,

Plaintiff,

v.

HANGZHOU XIAPAI E-COMMERCE CO., LTD.; GUANGZHOU YUANQI POWER TECHNOLOGY CO.; AIRJOURNEY; AIRJOURNEY 2 STORE; and AIRJOURNEY STORE,

Defendants.

**Case No.: 25-cv-10228-MKV**

**SECOND AMENDED COMPLAINT[1]**

## INTRODUCTION

1. Plaintiff Dong Guan Jia Shuan Industrial Co., Ltd. ("Plaintiff") makes and sells air pads which it markets and sells on the Internet and through online sellers such as Amazon. Plaintiff's air cushions are used for various applications, including wheelchair cushions. In 2023, the United States Patent and Trademark Office issued U.S. Patent No. 11,639,041 B2 ("the '041 Patent"), which covers a method of making Plaintiff's cushions as well as the products themselves.

2. Defendant Hangzhou Xiapai E-Commerce Co., Ltd. ("Fresh Style") makes and sells products which infringe the '041 Patent on Amazon and other e-commerce websites. Defendant Guangzhou Yuanqi Power Technology Co., Ltd. ("Yuanqi") is Fresh Style's source for the infringing products.

[1] Plaintiff files this Second Amended Complaint in response to the Court's Scheduling Order of September 7, 2026. (Dkt. 100.) On further investigation, in this amendment, Plaintiff is removing certain Defendants from this action, none of which have appeared or have been served, given many of the product listings for their online stores have been taken down. Plaintiff does this without prejudice to its right to pursue further action against those Defendants later.

3. That Fresh Style, Yuanqi, and the other Defendants are infringing the '041 Patent is damaging enough, but there is even more to this case than meets the eye. When Plaintiff enters a foreign market, it marshals considerable resources to ensure its activities are done in accordance with applicable laws and regulations. Unlike Plaintiff which is registered with the United States Food and Drug Administration, Fresh Style and Yuanqi do not have the same commitments, something that affords those Defendants the opportunity to erode Plaintiff's pricing position through further unfair competition. In this case, Plaintiff is trying to bring Defendants' infringing and Fresh Style and Yuanqi's infringing and otherwise unfair and deceptive practices to an end.

**PARTIES**

4. Plaintiff is a Chinese corporation with its principal place of business at Room 401, Building 3, No. 112 Shatouhexing Road, Shatou Community, Chang'an Town, Dongguan City, Guangdong Province, China.

5. Fresh Style is a Chinese limited liability company with a principal place of business in Room 801-4, Building 1, Taikoo Plaza Beigan Subdistrict, Xiaoshan District Hangzhou City, Zhejiang Province, China.

6. Yuanqi is a Chinese limited liability company with a principal place of business at 02, No. 18 Cigu Ling Road, Huadong Town, Huadu District, Guangzhou China. Upon information and belief, Yuanqi supplies the products listed at and operates the following marketplace store fronts through which the accused products are offered and sold: Defendant Airjourney on Temu and Ali Express under the name "Airjourney," *see* Schedule A, Nos. 43-47, 57; Defendant Airjourney 2 Store, an AliExpress marketplace storefront operating under AliExpress Store ID 1105050439, *see* Schedule A, No. 65; and Defendant Airjourney Store, an

AliExpress marketplace storefront operating under AliExpress Store ID 1104837108, *see* Schedule A, No. 60.

## JURISDICTION AND VENUE

7. This is a civil action for patent infringement under 35 U.S.C. § 271.

8. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

9. Venue is proper under 28 U.S.C. § 1391 and § 1400(b) because Defendants transact business in this District and commit acts of infringement here.

10. This Court has personal jurisdiction over Fresh Style and Yuanqi because of their contacts with this District. Further, Fresh Style and Yuanqi have consented to the jurisdiction of this Court. This Court has personal jurisdiction over the other Defendants because of their contacts with this District.

## PLAINTIFF'S BUSINESS AND TECHNOLOGICAL INNOVATION AND COMMITMENT TO REGULATORY COMPLIANCE

11. Plaintiff is a leading designer and manufacturer of advanced airbag cushion systems, anti-gravity balance technologies, and massage-type buffer cushioning products.

12. Plaintiff has invested substantial resources into research, engineering, prototyping, testing, and commercialization of the patented technology described in the '041 Patent.

13. Plaintiff's core business depends upon its ability to protect and enforce the intellectual property rights covering its technological innovations.

14. The patented airbag cushion technology was developed after years of

engineering research involving high-frequency sealing techniques, multi-chamber airflow systems, and enhanced anti-gravity support structures.

15. Plaintiff's products incorporating the patented technology are sold globally and are well regarded for safety, durability, and ergonomic performance.

16. As a global business, selling into many countries around the world, Plaintiff invests substantial resources into ensuring that its products meet applicable laws and regulations. These efforts include building customer relationships, qualifying suppliers, reviewing labeling and marketing claims, maintaining quality controls, and obtaining requisite licenses and registrations.

**THE PATENT-IN-SUIT**

17. Plaintiff is the owner of all rights, title, and interest in the '041 Patent.

18. The '041 Patent, issued May 2, 2023, discloses an innovative airbag cushion system using multiple interconnected air chambers, buffer convection pathways, high frequency welded layers, and structural anti-gravity balancing.

19. The patented system improves comfort, deformation resistance, load distribution, and impact absorption.

20. The patented design is essential for products used in travel settings, ergonomics applications, seating, and anti-fatigue solutions.

21. A true and correct copy of the '041 Patent is attached as Exhibit A.

22. Claim 10 of the '041 Patent recites:

> 10. An airbag cushion comprising an upper cushion body and a lower cushion body, wherein the upper cushion body comprises an upper cushion surface and a lower cushion surface adhered together by adhesive, the upper cushion surface and the lower cushion surface are made of different materials, and a material of the lower cushion surface is higher in elasticity than a material of the upper cushion surface. Grains are formed on a surface of one side of the

> lower cushion surface away from the upper cushion surface. The surface of a side of the lower cushion surface is bonded and fixed with the lower cushion body, so that a bonding area and an unbonding area are formed between the lower cushion surface and the lower cushion body. A plurality of air bags are formed in the unbonding area, and a plurality of air channels connecting the plurality of air bags are correspondingly formed in the bonding area.

## DEFENDANTS' INFRINGING AND OTHER ILLEGAL CONDUCT

23. Defendants manufacture, import, use, sell, and offer for sale airbag cushion products that practice each element of at least Claim 1 of the '041 Patent.

24. Defendants' products incorporate fluid-connected air chambers, upper and lower cushion structures, sealed TPU layers, and airflow convection pathways identical or substantially identical to those claimed in the '041 Patent.

25. Defendants' listings explicitly show product diagrams and cross-sectional structures matching the patented design.

26. Plaintiff conducted a detailed technical analysis of Defendants' products, which confirms infringement.

27. Defendants sell and ship these infringing products into the United States, including to residents of this District.

28. Defendants' infringement is willful because they knowingly adopt patented technology and conceal their identities to avoid enforcement.

29. Upon information and belief, Yuanqi manufactures the Accused Cushion, and Fresh Style is an authorized distributor for Yuanqi for sales into the United States.

30. Upon information and belief, Yuanqi works in concert and conspires with Fresh Style to market and export the Accused Device into the United States for sale.

31. Fresh Style and Yuanqi and, upon information and belief, Yuanqi's storefronts Defendants Airjourney, Airjourney 2 Store, and Airjourney Store (collectively, the "Fresh Style Defendants") market, advertise, offer for sale, sell, import, distribute, or supply an inflatable cushion product identified in Fresh Style's Counterclaim under Amazon Standard Identification Number B0F5H4555L (the "Accused Cushion"). Fresh Style's own pleading shows the Accused Cushion being used on a wheelchair. (Dkt. 57 at 8.) The Amazon listing, a component of which is shown below, hails the Accused Cushion as "Ideal" for a "Wheelchair."




32. Fresh Style lists the Accused Cushion in the "Medical Supplies & Equipment" category on Amazon. So consumers do not miss the message, Fresh Style's advertising promotes the Accused Cushion as a device that "Relieve[s] pressure sores," complete with a picture of human spinal cord. By expressly advertising the Accused Cushion for wheelchair use and placing it in health, personal-care, mobility, disability-related, and similar channels of commerce, Defendants represent to consumers, Amazon, marketplace operators, downstream sellers, caregivers, and mobility-product purchasers that the Accused Cushion is suitable for wheelchair,

mobility, health-related, or similar uses. Fresh Style has also marketed the Accused Cushion as an "Anti-Hemorrhoids Cushion."

33. The Accused Cushion competes directly with Plaintiff's products, is sold in the same or similar channels of trade, is marketed to the same or overlapping consumers and marketplace operators, and affects Plaintiff's ability to compete on price, quality, compliance, reputation, and market access.

34. The manufacture, distribution, marketing, importation, and sale of medical devices are regulated by the U.S. Food and Drug Administration ("FDA") under the federal Food, Drug, and Cosmetic Act ("FDCA"), as well as by parallel state food-and-drug laws such as California's Sherman Law. Products marketed for wheelchair use, pressure protection, pressure relief, skin-pressure protection, pressure-injury prevention, rehabilitation seating, mobility support, disability-related support, or similar health-related purposes may constitute medical devices subject to federal and state regulatory requirements.

35. Medical-device establishments that manufacture, prepare, propagate, compound, assemble, process, import, distribute, or otherwise engage in regulated device activities for commercial distribution in the United States must comply with applicable registration, listing, labeling, quality-system, complaint-handling, reporting, importation, and lawful-marketability obligations unless an exemption applies.

36. FDA has issued guidance concerning low-risk general-wellness products, but the Fresh Style Defendants do not limit their advertising of the Accused Cushion to ordinary comfort, travel, or general lifestyle use. The Fresh Style Defendants instead expressly advertise the Accused Cushion for wheelchair use, which is material to consumers seeking products for

wheelchair users, mobility-related support, disability-related support, prolonged sitting, pressure distribution, or similar uses.

37. On information and belief, Fresh Style is not registered with FDA as a medical-device establishment.

38. On information and belief, Yuanqi is not registered with FDA as a medical-device establishment.

39. On information and belief, neither Fresh Style nor Yuanqi has listed the Accused Cushion with FDA or identified any FDA registration, listing, clearance, approval, authorization, exemption, or other regulatory basis permitting them to market the Accused Cushion in the United States for wheelchair, mobility, pressure-relief, pressure-protection, medical, disability-related, rehabilitation, or similar uses.

40. On information and belief, the Fresh Style Defendants have not established or maintained the regulatory systems required to lawfully market the Accused Cushion for those uses, including an appropriate quality system.

41. The Fresh Style Defendants' failure to comply with applicable regulatory requirements renders the Accused Cushion unlawful and misbranded under both the FDCA and parallel state food-and-drug laws.

42. These Defendants' conduct gives them an unfair competitive advantage over Plaintiff and other lawful competitors. Defendants avoid costs that lawful competitors must bear, including costs associated with regulatory analysis, FDA registration and listing, U.S.-agent compliance, importer compliance, labeling review, quality control, product testing, complaint handling, adverse-event monitoring, customer service, and supplier qualification.

43. By avoiding those costs while advertising the Accused Cushion for wheelchair and related uses, the Fresh Style Defendants can enter the marketplace faster, sell products more cheaply, obtain marketplace listings more easily, and divert sales from Plaintiff and other competitors that comply with applicable legal and regulatory obligations.

44. The Fresh Style Defendants' conduct also creates a false impression of equivalence with compliant products. Consumers, Amazon, marketplace operators, downstream sellers, and resellers reasonably expect that products advertised for wheelchair, mobility, health, personal-care, pressure-relief, pressure-protection, or similar uses are lawfully marketed for those uses and are sold under applicable quality, labeling, safety, and regulatory controls.

45. The Fresh Style Defendants' advertising and marketplace conduct are deceptive because they convey that the Accused Cushion is lawfully marketed, regulatory compliant, and suitable for its advertised wheelchair and related uses when, on information and belief, Defendants have not satisfied the legal and regulatory obligations necessary to make those representations.

46. The Fresh Style Defendants' conduct is unfair because they profit from wheelchair-related, health-related, and mobility-related marketing while avoiding the regulatory obligations associated with that marketplace. The Fresh Style Defendants' conduct is unlawful because it violates, or is predicated on violations of, state food-and-drug laws, state device laws, state unfair-competition laws, state false-advertising laws, and state consumer-protection laws.

47. Plaintiff does not seek to privately enforce the FDCA. Only FDA or a State may enforce the FDCA directly. 21 U.S.C. § 337(a). Plaintiff instead seeks relief under applicable state unfair competition laws based on predicate violations of state food-and-drug laws.

48. The Fresh Style Defendants' conduct has injured and will continue to injure Plaintiff, including through lost sales, price erosion, diversion of business, loss of market share, loss of goodwill, reputational harm, and increased costs of competing against noncompliant products. Plaintiff will continue to suffer irreparable harm unless Defendants are enjoined.

49. The Fresh Style Defendants' conduct was and is willful. These Defendants knew or should have known that advertising the Accused Cushion for wheelchair, mobility, medical, pressure-relief, pressure-protection, disability-related, rehabilitation, or similar uses could trigger legal and regulatory obligations, but they nevertheless marketed, advertised, offered for sale, sold, imported, distributed, supplied, or caused the Accused Cushion to be distributed without complying with applicable obligations.

**COUNT I**
**PATENT INFRINGEMENT**
**(35 U.S.C. § 271)**
**(Against All Defendants)**

50. Plaintiff incorporates all preceding paragraphs.

51. Defendants directly infringe the '041 Patent under § 271(a).

52. Defendants induce infringement under § 271(b) by advertising, instructing, and directing customers to use infringing products.

53. Defendants contribute to infringement under § 271(c) by supplying components specially made for use in a patented system.

54. Defendants' infringement is willful, deliberate, and in reckless disregard of Plaintiff's rights.

55. Plaintiff has suffered damages as a result of Defendants' actions and will continue to suffer irreparable harm without injunctive relief.

**COUNTS II ET SEQ.**
**UNFAIR AND DECPTIVE TRADE PRACTICES AND UNFAIR COMPETITION**
**N.Y. Gen. Bus. Law § 349**
**Cal. Bus. & Prof. Code § 17200**
**(Against the Fresh Style Defendants)**

56. Plaintiff incorporates all preceding paragraphs.

57. The Fresh Style Defendants compete with Plaintiff in the market for inflatable air cushions, seat cushions, wheelchair cushions, mobility-use cushions, and related support-cushion products.

58. The Fresh Style Defendants engaged in unfair, unlawful, deceptive, and misleading conduct by marketing, advertising, offering for sale, selling, importing, distributing, supplying, or causing to be supplied the Accused Cushion while failing to comply with applicable regulatory and state-law obligations.

59. The Fresh Style Defendants' unfair and deceptive acts include, without limitation: marketing the Accused Cushion as suitable for wheelchair, health, personal-care, mobility, medical, pressure-relief, pressure-protection, disability-related, rehabilitation, or similar uses while failing to comply with applicable regulatory requirements; creating the false or misleading impression that the Accused Cushion is lawfully marketed for those uses; creating the false or misleading impression that these Defendants and the Accused Cushion comply with applicable registration, listing, labeling, quality, safety, importation, and lawful-marketability requirements; avoiding regulatory and quality-system costs borne by lawful competitors; diverting sales from Plaintiff through unlawful and deceptive marketplace conduct; and continuing to market, sell, import, distribute, and supply the Accused Cushion despite notice that their regulatory status and compliance are disputed.

60. Plaintiff does not assert a private right of action to enforce the FDCA. Plaintiff asserts state unfair-competition, false-advertising, consumer-protection, and unfair-and-deceptive-trade-practice claims based on the Fresh Style Defendants' unfair, unlawful, and deceptive marketplace conduct and violations of independent state-law duties, including state food-and-drug requirements.

61. The Fresh Style Defendants' unfair, unlawful, deceptive, and misleading acts are consumer-oriented because they are directed to the general public, including residents of New York, through Amazon and other online marketplaces that are widely used by ordinary consumers to purchase wheelchair cushions, mobility-support products, and health-related supplies.

62. The Fresh Style Defendants' conduct would mislead a reasonable consumer in New York into believing that the Accused Cushion is lawfully marketed for wheelchair, mobility, medical, pressure-relief, and related uses, and that it is subject to appropriate regulatory, quality, labeling, and safety controls, when, on information and belief, that is not the case.

63. As a direct and proximate result of the Fresh Style Defendants' deceptive acts and practices, Plaintiff has suffered injury in New York, including lost sales and lost profits from customers in New York, diversion of business and market share in New York, price erosion in New York caused by the Fresh Style Defendants' ability to sell noncompliant products at unlawfully reduced prices, and harm to Plaintiff's goodwill and reputation among New York consumers and marketplace operators.

64. Plaintiff's injuries are distinct from any injury to the general public because Plaintiff has lost concrete business opportunities, revenue, and competitive position in New

York that would have accrued to Plaintiff absent the Fresh Style Defendants' deceptive conduct.

65. The Accused Cushion is available in California. California's Unfair Competition Law prohibits unlawful, unfair, or fraudulent business acts or practices and unfair, deceptive, untrue, or misleading advertising. California's Sherman Food, Drug, and Cosmetic Law regulates the sale, delivery, advertising, and distribution of devices. The Fresh Style Defendants violated California's Unfair Competition Law by engaging in unlawful, unfair, and fraudulent business practices, including conduct predicated on violations of California's Sherman Law and other laws governing the marketing, sale, delivery, advertising, and distribution of devices.

66. The Fresh Style Defendants' acts are unlawful because they violate, or are predicated on violations of, applicable state food-and-drug, device, false-advertising, consumer-protection, and unfair-competition laws. The Fresh Style Defendants' acts are unfair because they obtain an unearned competitive advantage by avoiding regulatory, quality, labeling, testing, complaint-handling, registration, listing, and lawful-marketability costs borne by compliant competitors. Defendants' acts are fraudulent and deceptive because members of the public are likely to be deceived into believing that the Accused Cushion is lawfully marketed, properly registered or listed if required, and suitable for its advertised wheelchair and related uses.

67. The Fresh Style Defendants' conduct violates analogous state unfair-and-deceptive-trade-practice, false-advertising, consumer-protection, and unfair-competition laws in the States where Defendants marketed, offered for sale, sold, imported, distributed, supplied, or caused the Accused Cushion to be sold or distributed.

68. The Fresh Style Defendants' unfair, unlawful, deceptive, and misleading acts

affect commerce and have caused and will continue to cause injury to Plaintiff, including lost sales, lost profits, price erosion, diversion of business, loss of market share, loss of goodwill, reputational harm, and increased costs of competing against noncompliant products.

69. The Fresh Style Defendants' actions were willful, knowing, intentional, and undertaken in reckless disregard of Plaintiff's rights and applicable legal obligations.

70. Plaintiff is entitled to injunctive relief, restitution, disgorgement, damages, enhanced or treble damages where available, attorneys' fees where available, costs, pre-judgment interest, post-judgment interest, and all other relief the Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment in its favor and against Defendants as follows:

a) A temporary, preliminary, and permanent injunction restraining Defendants, their officers, agents, servants, employees, attorneys, and all persons acting in concert with them from:

b) making, using, selling, offering for sale, or importing products embodying the '041 Patent;

c) aiding, abetting, contributing to, or otherwise assisting anyone in making using, selling, offering for sale, and/or importing in the United States for sale or use any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the '041 Patent;

d) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) and (c);

e) An order directing online marketplaces (including Amazon, eBay, AliExpress, Alibaba, Wish, Walmart.com, Target.com, Dhgate, Temu), payment processors, and search engines to disable Defendants' storefronts and infringing listings;

f) An award of Plaintiff's actual damages and/or a reasonable royalty, plus interest and costs, pursuant to 35 U.S.C. § 284;

g) An award of Defendants' profits from infringement, pursuant to 35 U.S.C. § 289;

h) Preliminarily and permanently enjoin Fresh Style and Yuanqi, and all persons acting in concert with them, from marketing, advertising, offering for sale, selling, importing, distributing, supplying, or causing to be supplied the Accused Cushion for wheelchair, health, personal-care, mobility, medical, pressure-relief, pressure-protection, rehabilitation, disability-related, or similar use unless and until they comply with all applicable federal and state regulatory requirements, to the extent such is consistent with 21 U.S.C. § 337(a);

i) Enjoin Fresh Style and Yuanqi from representing, expressly or by implication, that the Accused Cushion is FDA-registered, FDA-listed, FDA-cleared, FDA-approved, FDA-compliant, lawfully marketed, or suitable for wheelchair, medical, mobility, pressure-relief, pressure-protection, or similar use unless such representations are true, nonmisleading, substantiated, and compliant with applicable law, to the extent such is consistent with 21 U.S.C. § 337(a);

j) Require Fresh Style and Yuanqi to remove, revise, or correct all deceptive, unfair, unlawful, or misleading advertising for the Accused Cushion, including Amazon listings and other marketplace listings;

k) Require Fresh Style and Yuanqi to provide corrective notice to Amazon, downstream sellers, distributors, resellers, and consumers concerning the Accused Cushion's

regulatory status and lawful intended uses;

l) Require Fresh Style and Yuanqi to disgorge profits obtained through their unfair, unlawful, and deceptive conduct;

m) Award Plaintiff damages, restitution, disgorgement, enhanced damages, treble damages, statutory damages, or other monetary relief where available under applicable state law;

n) An award of Plaintiff's reasonable attorneys' fees and costs; and

o) Such other and further relief as the Court deems just and proper.

Dated: September 22, 2026.

Respectfully submitted,

By: *James R. Lawrence, III*
ANTHONY J. BILLER
NC State Bar No. 24,117*
JAMES R. LAWRENCE, III
NC State Bar No. 44,560*
Envisage Law
PO Box 30099
Raleigh, NC 27622
Telephone: (919) 268-8998
Facsimile: (984) 212-5164
Email: ajbiller@envisage.law
jlawrence@envisage.law

RONALD A. BERUTTI
MURRAY-NOLAN BERUTTI LLC
136 Central Avenue, 2nd Floor
Clark, New Jersey 07066
Phone: 908.588.2111
Email: Ron@MNBlawfirm.com