**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DONG GUAN JIA SHUAN INDUSTRIAL CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>HANGZHOU XIAPAI E-COMMERCE CO., LTD.; GUANGZHOU YUANQI POWER TECHNOLOGY CO.; AIRJOURNEY; AIRJOURNEY 2 STORE; AND AIRJOURNEY STORE<br><br>Defendants. | Case No.: 25-cv-10228-MKV<br><br>**PLAINTIFF'S SECOND ANSWER TO DEFENDANT HANGZHOU XIAPAI E-COMMERCE CO., LTD'S COUNTERCLAIMS** |

Plaintiff and Counterclaim Defendant Dong Guan Jia Shuan Industrial Co., Ltd. ("Plaintiff") answers the Counterclaims asserted by Defendant and Counterclaim Plaintiff Hangzhou Xiapai E-Commerce Co., Ltd. ("Fresh Style"), (Dkt. 110), as follows. Any allegation not expressly admitted is denied.

**ANSWER TO COUNTERCLAIM**

1. Admitted.

2. Plaintiff admits that it is a Chinese limited liability company. Plaintiff otherwise denies the allegations in paragraph 2 of Fresh Style's Counterclaims.

3. Plaintiff admits that that the Counterclaims arise under the Patent Act. Plaintiff admits that this Court has subject matter jurisdiction over the Counterclaims. Plaintiff otherwise denies the allegations in paragraph 3 of Fresh Style's Counterclaims.

4. Plaintiff admits only that an actual case or controversy exists between Plaintiff and Fresh Style concerning the validity of and Fresh Style's infringement of at least one claim of U.S. Patent No. 11,639,041 (the " '041 Patent"). Except as admitted, Plaintiff denies the remainder of paragraph 4 of Fresh Style's Counterclaims.

5. Plaintiff admits that it commenced this action in this Court and thereby submitted to the Court's jurisdiction for purposes of this action. Plaintiff denies any remaining allegations in Paragraph 5. Plaintiff admits that this Court has subject matter jurisdiction over Fresh Style's Counterclaims. Except as admitted, Plaintiff otherwise denies the allegations in paragraph 5 of Fresh Style's Counterclaims.

6. Plaintiff admits only the materials cited in paragraph 6 of Fresh Style's Counterclaims exist, the contents of which speak for themselves. Plaintiff denies any characterization inconsistent with those documents. Except as admitted, Plaintiff otherwise denies the allegations in paragraph 6.

7. Plaintiff admits only the materials cited in paragraph 7 of Fresh Style's Counterclaims exist, the contents of which speak for themselves. Plaintiff denies any characterization inconsistent with those documents. Except as admitted, Plaintiff otherwise denies the allegations in paragraph 7.

8. Plaintiff admits only the materials cited in paragraph 8 of Fresh Style's Counterclaims exist, the contents of which speak for themselves. Plaintiff denies any characterization inconsistent with those documents. Except as admitted, Plaintiff otherwise denies the allegations in paragraph 8.

9. Plaintiff admits that paragraph 9 of Fresh Style's Counterclaims recites material in the '041 Patent. Except as admitted, Plaintiff otherwise denies the allegations in paragraph 9.

10. Plaintiff admits that paragraph 10 of Fresh Style's Counterclaims cite and discuss the Second Amended Complaint. Except as admitted, Plaintiff otherwise denies the allegations in paragraph 10.

11. Plaintiff admits that Fresh Style offered an inflatable seat cushion through Amazon. Plaintiff denies that the image referenced in paragraph 11 accurately or completely depicts all relevant aspects of the accused product, including its internal structure, materials, manufacture, operation, or use. Plaintiff denies any remaining allegations in Paragraph 11.

12. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Fresh Style sources its products from Guangzhou Qihang Technology Co., Ltd. and other third-party suppliers and therefore denies the allegations in Paragraph 12.

13. Plaintiff is without sufficient information and knowledge to admit or deny the allegations of paragraph 13 of Fresh Style's Counterclaims. Plaintiff does not have access to Fresh Style's communications with Amazon. Plaintiff therefore denies the allegations of paragraph 13.

14. Plaintiff admits that there is a real and concrete dispute between Fresh Style and Plaintiff. Plaintiff otherwise denies the allegations of paragraph 14 of Fresh Style's Counterclaims.

15. Plaintiff admits it has not provided an element-by-element infringement analysis of the '401 Patent to Fresh Style, but denies any implication of Fresh Style that this is improper. Plaintiff otherwise denies the allegations of paragraph 15 of Fresh Style's Counterclaims.

16. Plaintiff is without sufficient information and knowledge to admit or deny the allegations of paragraph 16 of Fresh Style's Counterclaims. Plaintiff therefore denies the allegations of paragraph 16.

17. The allegations of Paragraph 17 of Fresh Style's Counterclaims are denied.

18. Paragraph 18 of Fresh Style's Counterclaims cites documents, the contents of which speak for themselves. Plaintiff otherwise denies the allegations of paragraph 18.

19. Paragraph 19 of Fresh Style's Counterclaims cites documents, the contents of which speak for themselves. Plaintiff otherwise denies the allegations of paragraph 19.

20. Paragraph 20 of Fresh Style's Counterclaims contain legal conclusions that do not require a response. To the extent a response is required, Plaintiff denies the allegations of paragraph 20.

21. The allegations of Paragraph 21 of Fresh Style's Counterclaims are denied.

22. Plaintiff admits that a YouTube video titled "Best Value in Air – ROHO Mosaic Wheelchair Cushion Review" was posted in November 2017. Except as admitted, Plaintiff otherwise denies the allegations in paragraph 22 of Fresh Style's Counterclaims.

23. Paragraph 23 of Fresh Style's Counterclaims cites documents, the contents of which speak for themselves. Plaintiff therefore denies the allegations of paragraph 23.

24. Paragraph 24 of Fresh Style's Counterclaims contains legal conclusions that do not require a response. To the extent a response is required, Plaintiff denies the allegations of paragraph 24.

25. Plaintiff is without sufficient information to admit or deny as to when the SUNFICON AIR Cushion was publicly available. Plaintiff is without sufficient information to admit or deny whether "[t]he Accused Product is in all material respects the same as the SUNFICON AIR Cushion." Plaintiff therefore denies the allegations of paragraph 25 of Fresh Style's Counterclaims.

26. Plaintiff lacks sufficient information and knowledge to admit or deny when the product cited at paragraph 23 of Fresh Style's Counterclaims was publicly available. Plaitniff is without sufficient information to admit or deny whether "[t]he Accused Product is in all material

respects the same as the cushion offered in that listing." Plaintiff therefore denies the allegations of paragraph 26.

27. Paragraph 27 of Fresh Style's Counterclaims contains legal conclusions that do not require a response. To the extent a response is required, Plaintiff denies the allegations of paragraph 27.

28. Paragraph 28 of Fresh Style's Counterclaims cites documents, the contents of which speak for themselves. Plaintiff otherwise denies the allegations of paragraph 28.

29. Plaintiff admits that Mr. Cai is listed as the inventor of the CN '698 Patent. Plaintiff denies the remaining allegations of paragraph 29.

30. Paragraph 30 of Fresh Style's Counterclaims cites documents, the contents of which speak for themselves. Plaintiff otherwise denies the allegations of paragraph 30.

31. Paragraph 31 of Fresh Style's Counterclaims refers to the prosecution history of the '401 Patent, the contents of which speak for themselves. Plaintiff otherwise denies the allegations of paragraph 31.

32. Paragraph 32 of Fresh Style's Counterclaims contains legal conclusions that do not require a response. To the extent a response is required, Plaintiff denies the allegations of paragraph 32.

33. Paragraph 33 of Fresh Style's Counterclaims contains legal conclusions that do not require a response. To the extent a response is required, Plaintiff denies the allegations of paragraph 33.

34. The allegations of Paragraph 34 of Fresh Style's Counterclaims are denied.

35. The allegations of Paragraph 35 of Fresh Style's Counterclaims are denied.

**COUNT I**
**Declaratory Judgment of Invalidity of U.S. Patent No. 11,639,041 - Anticipation**

36. The allegations of paragraph 36 of Fresh Style's Counterclaims require no response. To the extent they do, Plaintiff denies the allegations of paragraph 36.

37. The allegations of paragraph 37 of Fresh Style's Counterclaims are legal conclusions which do not require response. To the extent they do, Plaintiff denies the allegations of paragraph 37.

38. The allegations of paragraph 38 of Fresh Style's Counterclaims are legal conclusions which do not require response. To the extent they do, Plaintiff denies the allegations of paragraph 38.

**COUNT II**
**Declaratory Judgment of Invalidity of U.S. Patent No. 11,639,041 – Obviousness**

39. The allegations of paragraph 39 of Fresh Style's Counterclaims require no response. To the extent they do, Plaintiff denies the allegations of paragraph 39.

40. The allegations of paragraph 40 of Fresh Style's Counterclaims are legal conclusions which do not require response. To the extent they do, Plaintiff denies the allegations of paragraph 40.

41. The allegations of paragraph 41 of Fresh Style's Counterclaims are legal conclusions which do not require response. To the extent they do, Plaintiff denies the allegations of paragraph 41.

**COUNT III**
**Declaratory Judgment of Noninfringement of U.S. Patent No. 11,639,041**

42. The allegations of paragraph 42 of Fresh Style's Counterclaims require no response. To the extent they do, Plaintiff denies the allegations of paragraph 42.

43. The allegations of paragraph 43 of Fresh Style's Counterclaims are denied.

44. The allegations of paragraph 44 of Fresh Style's Counterclaims are legal conclusions which do not require response. To the extent they do, Plaintiff denies the allegations of paragraph 44.

45. The allegations of paragraph 45 of Fresh Style's Counterclaims are legal conclusions which do not require response. To the extent they do, Plaintiff denies the allegations of paragraph 45.

**COUNT IV**
**Declaratory Judgment of Unenforceability of U.S. Patent No. 11,639,041 – Inequitable Conduct**

46. The allegations of paragraph 46 of Fresh Style's Counterclaims require no response. To the extent they do, Plaintiff denies the allegations of paragraph 46.

47. Paragraph 49 of Fresh Style's Counterclaims are incorrectly labeled as such, when they should be labeled as paragraph 47. The allegations of paragraph 49 of Fresh Style's Counterclaims are legal conclusions which do not require response. To the extent they do, Plaintiff denies the allegations of paragraph 49.

48. Paragraph 50 of Fresh Style's Counterclaims are incorrectly labeled as such, when they should be labeled as paragraph 48. The allegations of paragraph 50 of Fresh Style's Counterclaims are legal conclusions which do not require response. To the extent they do, Plaintiff denies the allegations of paragraph 50.

**RESPONSES TO PRAYER FOR RELIEF**

Plaintiff denies that Fresh Style is entitled to any relief requested in paragraphs (a) through (h), including any declaration of invalidity or noninfringement, any injunction restricting Plaintiff's enforcement of the '041 Patent, attorneys' fees under 35 U.S.C. § 285, or any other relief.

## AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSE NO. 1
### Lack of Standing

Fresh Style lacks standing to assert Counterclaims to the extent Fresh Style seeks relief on behalf of or in favor of Guangzhou Qihang Technology Development Co., Ltd. or other non-party entities.

### AFFIRMATIVE DEFENSE NO. 2
### Unclean Hands

Fresh Style's counterclaims seek equitable and declaratory relief, and Fresh Style is barred from obtaining it by the doctrine of unclean hands. As described in detail in Plaintiff's Second Amended Complaint, Fresh Style advertises and sells the Accused Cushion for wheelchair use, pressure-sore relief, and hemorrhoid relief, and lists it in Amazon's "Medical Supplies & Equipment" category, without the registration, listing, labeling, or quality-system compliance required to lawfully market a device for those purposes under applicable state food-and-drug laws. That conduct bears an immediate and necessary relation to the equity Fresh Style seeks, because the requested relief would allow Fresh Style to resume and expand unlawful sales of the same Accused Product at Plaintiff's expense.

## RESERVATION OF RIGHTS

Plaintiff reserves the right to amend its affirmative defenses as its investigation ongoing and discovery in this matter proceeds.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

A. Enter judgment in favor of Plaintiff and against Fresh Style on all Fresh Style's claims;

B. Award Plaintiff its attorney's fees and costs incurred defending Fresh Style's Counterclaims; and

C. Provide any other relief this Court deems just and proper.

**JURY TRIAL DEMANDED**

Plaintiff requests a jury trial on all matters so triable.

Dated this the 27th day of October 2026.

*_/s/ James R. Lawrence, III_*
Anthony J. Biller
NC State Bar No. 24,117
James R. Lawrence, III
NC State Bar No. 44,560
Envisage Law
PO Box 30099
Raleigh, NC 27622
Telephone: (919) 268-8998
Facsimile: (984) 212-5164
Email: ajbiller@envisage.law
Email: jlawrence@envisage.law

RONALD A. BERUTTI
MURRAY-NOLAN BERUTTI LLC
136 Central Avenue, 2nd Floor
Clark, New Jersey 07066
Phone: 908.588.2111
Email: Ron@MNBlawfirm.com

*Attorneys for Plaintiff*