**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DONG GUAN JIA SHUAN INDUSTRIAL CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>HANGZHOU XIAPAI E-COMMERCE CO., LTD.; GUANGZHOU YUANQI POWER TECHNOLOGY CO.; AIRJOURNEY; AIRJOURNEY 2 STORE; and AIRJOURNEY STORE,<br><br>Defendants. | Case No.: 25-cv-10228-MKV<br><br>**PLAINTIFF'S SECOND ANSWER TO DEFENDANT GUANGZHOU YUANQI POWER TECHNOLOGY CO.'S COUNTERCLAIMS** |

Plaintiff and Counterclaim Defendant Dong Guan Jia Shuan Industrial Co., Ltd. ("Plaintiff") answers the Counterclaims asserted by Defendant and Counterclaim Plaintiff Guangzhou Yuanqi Power Technology Co. ("Yuanqi"), (Dkt. 109), as follows. Any allegation not expressly admitted is denied.

## ANSWER TO COUNTERCLAIMS

1. Plaintiff admits the allegations of paragraph 1.

2. Plaintiff admits that it is a Chinese corporation with its principal place of business at Room 401, Building 3, No. 112 Shatouhexing Road, Shatou Community, Chang'an Town, Dongguan City, Guangdong Province, China. Plaintiff denies any remaining allegations in Paragraph 2 of the Counterclaims.

3. Admitted.

4. Plaintiff admits only that there is an actual case or controversy with Yuanqi. Plaintiff denies the remaining allegations of Paragraph 4 of the Counterclaims.

5. Plaintiff admits that it has submitted to the jurisdiction of this Court and that venue is proper.

6. Plaintiff admits that U.S. Patent No. 11,639,041 (the " '041 Patent") is titled "Process for producing anti-gravity balance massage type buffer convection airbag and airbag cushion" and issued on May 2, 2023. The '041 Patent speaks for itself as to its contents and legal effect. Plaintiff denies any remaining allegations in Paragraph 6.

7. Plaintiff admits that the '041 Patent issued from U.S. Patent Application No. 16/809,835 and claims priority to Chinese Patent Application No. 201910216734.6. The '041 Patent and the official prosecution record speak for themselves as to their contents, dates, and legal effect. Plaintiff denies any remaining allegations in Paragraph 7.

8. Plaintiff admits that an assignment concerning the '041 Patent was recorded with the United States Patent and Trademark Office. The assignment record speaks for itself as to its contents and legal effect. Plaintiff denies any remaining allegations in Paragraph 8.

9. Plaintiff admits that paragraph 9 recites material in the '041 Patent. Except as admitted, Plaintiff otherwise denies the allegations in paragraph 9.

10. Plaintiff admits that paragraph 10 cites and discusses the Second Amended Complaint. Except as admitted, Plaintiff otherwise denies the allegations in paragraph 10.

11. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies them.

12. Plaintiff lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 12, including the identity, characteristics, sales history, availability, ownership, operation, or relationship of any listed ASINs and any alleged association with Yuanqi, and therefore denies them.

13. Plaintiff admits that Fresh Style offered an accused cushion on Amazon. Plaintiff denies any remaining allegations in Paragraph 13.

14. Plaintiff lacks knowledge or information sufficient to form a belief as to the alleged similarities among Yuanqi's products and therefore denies the allegations in Paragraph 14.

15. Plaintiff admits that it has submitted intellectual-property complaints to Amazon concerning products believed to infringe the '041 Patent. Plaintiff denies that any such complaint was improper or that the complaint activity had the character, scope, timing, or effect alleged. Plaintiff denies the remaining allegations in Paragraph 15.

16. Plaintiff admits that there have been attempts to resolve this dispute. Plaintiff denies the remaining allegations in Paragraph 16.

17. Plaintiff lacks knowledge or information sufficient to verify Yuanqi's tally or characterization of marketplace actions and denies the allegations in Paragraph 17.

18. Plaintiff admits that Amazon notified Fresh Style that ASIN B0F5H4555L had been removed based on alleged infringement of the '041 Patent. The notice and record speak for themselves. Plaintiff denies any remaining allegations in Paragraph 18.

19. Plaintiff admits that counsel communicated concerning access to sealed filings. Plaintiff denies the remaining allegations and any implication of misconduct in Paragraph 19.

20. Plaintiff admits that documents were produced pursuant to the Court's January 28, 2026 Order. The Order and docket speak for themselves. Plaintiff denies the remaining allegations in Paragraph 20.

21. Denied.

22. Denied.

23. Denied.

24. Plaintiff admits that Counterclaims Paragraph 24 purports to refer to Chinese Patent No. 207075698. U Plaintiff denies that Yuanqi's accused product is materially the same as any product disclosed in that document, denies that the document discloses each and every limitation of any asserted claim of the '041 Patent, and denies the remaining allegations in Paragraph 24.

25. The allegations of Paragraph 25 refer to documents the contents of which speak for themselves. Plaintiff otherwise denies the allegations of Paragraph 25.

26. The allegations of Paragraph 26 are legal conclusions that do not require a response. To the extent a response is required, the allegations of Paragraph 26 are denied.

27. Plaintiff is without sufficient information to admit or deny the allegations of Paragraph 27. The allegations of Paragraph 27 are therefore denied.

28. Plaintiff admits that a YouTube video titled "Best Value in Air – ROHO Mosaic Wheelchair Cushion Review" was posted in November 2017 and depicts a ROHO air-cell wheelchair cushion. Except as admitted, Plaintiff otherwise denies the allegations in Paragraph 28.

29. Paragraph 29 of the Counterclaims cites documents, the contents of which speak for themselves. Plaintiff therefore denies the allegations of Paragraph 29.

30. The allegations of Paragraph 30 are legal conclusions that do not require a response. To the extent a response is required, the allegations of Paragraph 30 are denied.

31. Plaintiff is without sufficient information to admit or deny as to when the SUNFICON AIR Cushion was publicly available or whether "[t]he Yuanqui Cushions are in all material respects the same as the SNIFCON AIR Cushion." Plaintiff therefore denies the allegations of Paragraph 31.

32. Plaintiff lacks sufficient information and knowledge to admit or deny when the product cited at Paragraph 32 of the Counterclaims was publicly available or whether that product is "in all material respects the same as" the products referred to as the Yuanqi Cushions. Plaintiff therefore denies the allegations of Paragraph 32.

33. Paragraph 33 of the Counterclaims contains legal conclusions that do not require a response. To the extent a response is required, Plaintiff denies the allegations of paragraph 33.

34. Paragraph 34 of the Counterclaims recites items from the prosecution history of the '041 Patent, the contents of which speaks for itself. To the extent a response is required, the allegations of paragraph 34 are denied.

35. Plaintiff admits that Mr. Cai is listed as the inventor of the CN '698 Patent. Plaintiff denies the remaining allegations of paragraph 35.

36. Paragraph 36 of the Counterclaims cites documents, the contents of which speak for themselves. Plaintiff otherwise denies the allegations of paragraph 36.

37. Paragraph 37 of the Counterclaims refers to the prosecution history of the '401 Patent, the contents of which speak for themselves. Plaintiff otherwise denies the allegations of paragraph 37.

38. Paragraph 38 of the Counterclaims contains legal conclusions that do not require a response. To the extent a response is required, Plaintiff denies the allegations of paragraph 38.

39. Paragraph 39 of the Counterclaims contains legal conclusions that do not require a response. To the extent a response is required, Plaintiff denies the allegations of paragraph 33.

40. Denied.

41. Denied. The allegations of Paragraph 34 of Fresh Style's Counterclaims are denied.

42. Plaintiff admits that it has sought in good faith to enforce the ’041 Patent against infringing products. Plaintiff denies the remaining allegations and characterizations in Paragraph 42.

43. Denied.

44. Denied.

45. Denied.

**COUNT I**
**Declaratory Judgment of Invalidity of U.S. Patent No. 11,639,041 - Anticipation**

46. Plaintiff incorporates its responses to Paragraphs 1 through 45 as though fully set forth herein.

47. Plaintiff denies the allegations in Paragraph 47. Yuanqi has not identified a single reference that discloses, expressly or inherently, every limitation of any asserted claim of the ’041 Patent arranged as required by the claim. Plaintiff further denies that the vague references to unspecified publications, sales, or products provide a legally sufficient basis for the requested declaration.

48. Paragraph 48 states a legal conclusion to which no response is required. To the extent a response is required, denied.

**COUNT II**
**Declaratory Judgment of Invalidity U.S. Patent No. 11,639,041 – Obviousness**

49. Plaintiff incorporates its responses to Paragraphs 1 through 48 as though fully set forth herein.

50. Plaintiff denies the allegations in Paragraph 50. Yuanqi has not pleaded or established a legally sufficient obviousness theory, including a proper claim-by-claim analysis,

an identified combination of references, a reason a person of ordinary skill would have combined the references in the manner claimed, or facts establishing a reasonable expectation of success.

51. Paragraph 51 states a legal conclusion to which no response is required. To the extent a response is required, denied.

**COUNT III**
**Declaration of Noninfringement of U.S. Patent No. 11,639,041**

52. Plaintiff incorporates its responses to Paragraphs 1 through 51 as though fully set forth herein.

53. Plaintiff denies the allegations in Paragraph 53. Plaintiff further denies that the alleged similarity between an accused product and any alleged prior-art reference establishes noninfringement. Infringement and patent validity are distinct legal inquiries.

54. Paragraph 54 states a legal conclusion to which no response is required. To the extent a response is required, denied.

**COUNT IV**
**Declaration of Unenforceability of U.S. Patent No. 11,639,041 Patent – Inequitable Conduct**
**37 C.F.R. § 1.56**

55. Plaintiff incorporates its responses to Paragraphs 1 through 54 as though fully set forth herein.

56. Plaintiff admits that Chinese Patent No. 207075698 exists and bears a publication date of March 9, 2018. Plaintiff denies the remaining allegations and implications in Paragraph 60.

57. Denied.

58. Paragraph 58 states a legal conclusion to which no response is required. To the extent a response is required, denied.

**COUNT V**
**Antitrust Violation – Sherman Act § 2**
**15 U.S.C § 2**

59. Plaintiff incorporates its responses to Paragraphs 1 through 59 as though fully set forth herein. Plaintiff intends to move to dismiss Count V for failure to state a claim for which relief can be granted.

60. Denied. Plaintiff denies anticompetitive conduct, specific intent to monopolize, monopoly power, dangerous probability of achieving monopoly power, and every other element of the asserted claim.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied. Plaintiff lacks knowledge as to Yuanqi's alleged revenues and losses and denies that any act by Plaintiff proximately caused a cognizable antitrust injury.

**RESPONSES TO PRAYER FOR RELIEF**

Plaintiff denies that Yuanqi is entitled to any of the relief requested in paragraphs (a) through (i), or to any other relief, and requests that judgment be entered in Plaintiff's favor on all Counterclaims.

**AFFIRMATIVE DEFENSES**

**AFFIRMATIVE DEFENSE NO. 1**
**Failure to State a Claim**

The Counterclaims, in whole or in part, fail to state a claim upon which relief can be granted.

**AFFIRMATIVE DEFENSE NO. 2**
***Noerr-Pennington* and Petitioning Immunity**

Yuanqi's antitrust and damages theories are barred, in whole or in part, by the *Noerr-Pennington* doctrine and related protections for petitioning courts and invoking lawful adjudicatory and marketplace enforcement processes, except to the extent a properly pleaded and proven exception applies.

**AFFIRMATIVE DEFENSE NO. 3**
**Unclean Hands**

Yuanqi's counterclaims seek equitable and declaratory relief, including a declaration of unenforceability and a permanent injunction, and Yuanqi is barred from obtaining it by the doctrine of unclean hands. As described in detail in Plaintiff's Amended Complaint, Yuanqi manufactures and supplies the Accused Cushion to a network of downstream sellers, including Fresh Style, that advertise and sell it for wheelchair use, pressure-sore relief, and hemorrhoid relief and list it in Amazon's "Medical Supplies & Equipment" category, and Yuanqi does so without the registration, listing, labeling, or quality-system compliance required to lawfully supply a device for those purposes under applicable state food-and-drug laws. That conduct bears an immediate and necessary relation to the equity Yuanqi seeks, because the requested relief would allow Yuanqi to resume and expand unlawful manufacture and distribution of the same Accused Products at Plaintiff's expense.

**RESERVATION OF RIGHTS**

Plaintiff reserves the right to amend its affirmative defenses as its investigation ongoing and discovery in this matter proceeds.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court:

A. Enter judgment in favor of Plaintiff and against Yuanqi on all Yuanqi's claims;

B. Award Plaintiff its attorney's fees and costs incurred defending Yuanqi's Counterclaims; and

C. Provide any other relief this Court deems just and proper.

**JURY TRIAL DEMANDED**

Plaintiff requests a jury trial on all matters so triable.

Dated this the 27th day of October 2026.

*/s/ James R. Lawrence, III*
Anthony J. Biller
NC State Bar No. 24,117
James R. Lawrence, III
NC State Bar No. 44,560
Envisage Law
PO Box 30099
Raleigh, NC 27622
Telephone: (919) 268-8998
Facsimile: (984) 212-5164
Email: ajbiller@envisage.law
Email: jlawrence@envisage.law

RONALD A. BERUTTI
MURRAY-NOLAN BERUTTI LLC
136 Central Avenue, 2nd Floor
Clark, New Jersey 07066
Phone: 908.588.2111
Email: Ron@MNBlawfirm.com

*Attorney for Plaintiff*